UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    Case Number 19-20259

v.                                              Honorable David M. Lawson

GEMAR MORGAN,

                    Defendant.

_____/

**JURY INSTRUCTIONS**

(1)     Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2)     I will start by explaining your duties and the general rules that apply in every criminal case.

(3)     Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4)     Then I will explain the defendant's position.

(5)     Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6)     And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7)     Please listen very carefully to everything I say.

I have given each of you a copy of these instructions for your use while deliberating. They are available to each of you.  If you have questions about the law or your duties as jurors, you should consult the copy of the instructions as given to you.

(1)     You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2)     Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

(3)     The lawyers and Mr. Morgan may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

(4)     Perform these duties fairly.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

(1)     As you know, the defendant has pleaded not guilty to the crime charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2)     Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

(3)     This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that the defendant is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4)     The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5)     Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a

-4-

reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

(1)     You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2)     The evidence in this case includes only what the witnesses said while they were testifying under oath, and the exhibits that I allowed into evidence.

(3)     Nothing else is evidence.  The lawyers' and Mr. Morgan's statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4)     During the trial I did not let you hear the answers to some of the questions that the lawyers and Mr. Morgan asked.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5)     Make your decision based only on the evidence, as I have defined it here, and nothing else.

-6-

Whenever evidence was received for a limited purpose, you must not consider it for any other purpose.  In this case, you heard evidence that Mr. Morgan previously was convicted of crimes.  You may not consider that evidence to determine the defendant's character or criminal propensity.  You may consider the evidence only on the question whether Mr. Morgan was convicted of a crime punishable by imprisonment for a term exceeding one year and that he knew that he had been so convicted when he allegedly possessed a firearm.

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(1)     Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2)     Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3)     Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4)     It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one or says that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

(1)     Another part of your job as jurors is to decide how credible or believable each witness was.  This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2)     Let me suggest some things for you to consider in evaluating each witness's testimony.

(A)     Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B)     Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C)     Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D)     Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E)     Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

-10-

(F)     Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G)     And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3)     These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

(1)     One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2)     Do not make any decisions based only on the number of witnesses who testified.   What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

(1)     There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2)     The lawyers and Mr. Morgan objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers and parties have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3)     And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

(1)     That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2)     But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

The criminal statute the defendant is accused of violating is Section 922(g)(1),

Title 18, United States Code, which states:

"It shall be unlawful for any person--

"(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .

"to . . . ship possess in or affecting commerce, any firearm or ammunition."

(1)     The indictment accuses the defendant, Gemar Morgan, of knowingly possessing a firearm, namely one Raven Arms, Model MP-25, .25 caliber handgun, on April 9, 2019, after he had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.  For you to find the defendant guilty of this charge, the government must prove the following elements beyond a reasonable doubt:

(A)     First, that the defendant was convicted in a court of a crime punishable by imprisonment for a term exceeding one year;

(B)     Second, that the defendant knew that he had been so convicted;

(C)     Third, that thereafter, the defendant knowingly possessed the firearm on or about the date charged in the indictment; and

(D)     Fourth, that his possession of the firearm was "in or affecting commerce."

(2)     Evidence that the defendant, Gemar Morgan  has prior felony convictions is admitted only for the purpose of establishing that elements of the charged offense which requires proof of conviction of a crime punishable by imprisonment for a term exceeding one year and the defendant's knowledge of such a conviction.  It is not to be considered by you for any other purpose or to cast a bad light on the character of Gemar Morgan.

(3)     If you are convinced beyond a reasonable doubt that the government has proved each of the elements of this offense beyond a reasonable doubt, say so by returning

-16-

a guilty verdict on this count of the indictment.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

(1)      The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.  This means that the defendant must have possessed the firearm purposely and voluntarily, and not by accident or mistake.  It also means that the defendant knew that he had been convicted of a felony and that the object was a firearm.

(2)      The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

(3)      The firearm was "in or affecting commerce" if it crossed a state line prior to the alleged possession.  It is sufficient for this element to show that the firearm was manufactured in a state other than Michigan.

(1)     Next, I want to explain something about possession.  The government does not necessarily have to prove that the defendant owned or physically possessed the firearm for you to find him guilty of the crimes that allege possession.  The law recognizes two kinds of possession: actual possession and constructive possession.  Either one of these, if proved by the government, is enough to convict.

(2)     To establish actual possession, the government must prove that the defendant had direct, physical control over an item, and knew that he had control of it.

(3)     To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over an item, and knew that he had this right, and that he intended to exercise physical control over that item, at some time, either directly or through other persons.

(4)     For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5)     But understand that just being present where something is located does not equal possession.  The government must prove that the defendant had actual or constructive possession of the guns, and knew that he did, for you to find him guilty of any of the crimes which have possession as an element.  This, of course, is all for you to decide.

(1)     Next, I want to explain something about proving a defendant's state of mind.

(2)     Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3)     But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4)     You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

-19-

(1)     Next, I want to say a word about the dates mentioned in the indictment.

(2)     The indictment charges that some of the crimes happened "on or about" some date.  The government does not have to prove that the crime happened on that exact date.  But the government must prove that the crime happened reasonably close to that date.

(1)     A person who previously was convicted of a felony may seek restoration of his right to possess a firearm under federal law.

(2)     Under Section 925(c), Title 18, United States Code,

A person who is prohibited from possessing . . . firearms or ammunition may make application to the Attorney General for relief from the disabilities imposed by Federal laws with respect to the acquisition, receipt, transfer, shipment, transportation, or possession of firearms, and the Attorney General may grant such relief if it is established to his satisfaction that the circumstances regarding the disability, and the applicant's record and reputation, are such that the applicant will not be likely to act in a manner dangerous to public safety and that the granting of the relief would not be contrary to the public interest.  Any person whose application for relief from disabilities is denied by the Attorney General may file a petition with the United States district court for the district in which he resides for a judicial review of such denial. . . .  Whenever the Attorney General grants relief to any person pursuant to this section he shall promptly publish in the Federal Register notice of such action, together with the reasons therefor.

(3)     Under Section 478.144, title 27, Code of Federal Regulations, a prohibited person may apply to the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives for relief from such prohibition.  "Whenever the Director grants relief to any person pursuant to this section, a notice of such action shall be promptly published in the Federal Register, together with the reasons therefor."

(4)     Under Section 750.224f(2). Michigan Compiled Laws, a person convicted of a specified felony may have his or her right to possess a firearm restored after five years, if

(A)     The person has paid all fines imposed for the violation;

-21-

(B)     The person has served all terms of imprisonment imposed for the violation;

(C)     The person has successfully completed all conditions of probation or parole imposed for the violation; and

(D)     The person properly submitted a petition for restoration of rights to a Michigan circuit court, which granted the petition.

(5)     The defendant has the burden of proving this defense, and he must prove it by a preponderance of the evidence, which means that it is more likely than not that he has carried this burden of proof.

(6)     If you find that defendant Gemar Morgan applied for and was granted a restoration of his right to possess a firearm under either of these two laws, then you must find him not guilty of the crime charged.

(7)     Keep in mind that even though the defendant has raised this defense, the government still has the burden of proving all the elements of the crime charged beyond a reasonable doubt.

-22-

(1)     That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendant's position.

(2)     Defendant Gemar Morgan contends that he is not guilty of any of the crimes with which he is charged.  He maintains that his right to possess a firearm was restored by law.

That concludes the part of my instructions explaining the elements of the crime and the defendant's position.  Next, I will explain some rules that you must use in considering some of the testimony and evidence.

(1)      A defendant has an absolute right not to testify or present evidence. The fact that the defendant in this case did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2)      Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove his innocence.

(1)     The defendant, Gemar Morgan has chosen to represent himself during the trial.

(2)     Mr. Morgan is not a lawyer, and although he understands that he has a right to have an attorney represent him throughout the proceedings, he also has a right to represent himself.

(3)     The fact that Mr. Morgan has decided to represent himself in these proceedings should not enter into your deliberations in any way, either for or against Mr. Morgan, and this case should be judged like any other case.

You have heard testimony from witnesses who are police officers or agents.  That testimony is to be judged by the same standards you use to evaluate the testimony of any other witness.

(1)     You have heard the testimony of David Salazar and Kenton Weston, who testified to certain facts and also gave testimony in the form of an opinion.  With respect to the opinion testimony, such witnesses may have special knowledge or experience that allows the witness to give an opinion based on facts furnished to that witness by others.

(2)     You should assess the fact testimony of the witnesses using the factors I explained earlier and decide if the witnesses' testimony was believable and how much weight you think it deserves.

(3)     You may but do not have to accept the witnesses' opinions.  In deciding how much weight to give it, you should consider each witness's qualifications and how he or she reached his or her conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(4)     Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now we will hear the closing arguments of the attorneys.  Please pay attention to the arguments.  But remember that the closing arguments are not evidence but are only intended to assist you in understanding the evidence and the theory of each party.  You must base your decision only on the evidence.

(1)     Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2)     The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions and will speak for you here in court.

(3)     Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4)     I will send the exhibits into the jury room with you, except for the firearm. If you want to see that exhibit that was admitted in evidence, you may send me a message, and the exhibit will be provided to you.  You do not need to send a note requesting the other exhibits.

(5)     One more thing about messages.  Do not ever write down or tell anyone how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

(1)     Remember that you must make your decision based only on the evidence that you saw and heard here in court.  Do not try to gather any information about the case on your own while you are deliberating.

(2)     For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case; do not consult or visit the Internet; and do not visit any of the places that were mentioned during the trial.

(3)     During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube, SnapChat, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

(4)     Make your decision based only on the evidence that you saw and heard here in court.

Some of you have taken notes during the trial.  Whether or not you took notes, you should not be influenced by the notes of another juror, but you should rely on your own memory of what was said.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

(1)     Your verdict, whether it is guilty or not guilty, must be unanimous.

(2)     To find the defendant guilty of a charge in the indictment, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt.

(3)     To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4)     Either way, guilty or not guilty, your verdict must be unanimous.

(1)     Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2)     But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that: your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3)     No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4)     Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

(1)     If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2)      Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3)     Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

(1)      I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

(2)      If you decide that the government has proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

Remember that the defendant is only on trial for the particular crime charged in the indictment.  Your job is limited to deciding whether the government has proved the crime charged.

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Plaintiff,                     Case Number 19-20259

v.                                                Honorable David M. Lawson

GEMAR MORGAN,

                        Defendant.

_____/

## **VERDICT FORM**

As to the charge in the indictment, we, the jury, by unanimous verdict, find the defendant,

Gemar Morgan:

_____   Not guilty.

_____   Guilty of possessing a firearm after having been convicted of a felony.


_____
, Foreperson
(Sign and print name under signature)

Dated:   November ____, 2019

-1-