UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>PLAINTIFF,<br><br>vs.<br><br>GEMAR MORGAN<br>    DEFENDANT. | CASE #: 19-20259<br><br>HON. DAVID M. LAWSON |
| Dawn N. Ison, AUSA (P43111)<br>US Attorney's Office<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9567<br>Email: dawn.ison@usdoj.gov | Margaret Sind Raben (P39243)<br>Gurewitz & Raben, PLC<br>333 W. Fort Street, Suite 1400<br>Detroit, MI 48226<br>(313) 628-4708<br>Email: msraben@aol.com |

### DEFENDANT'S SENTENCING MEMORANDUM
### SUBMITTED BY STANDBY COUNSEL

Standby counsel submits this Sentencing Memorandum because Defendant has not been communicating with counsel, he might not file his own Memorandum, and there are things to be said about the mandatory enhanced sentence in play in this case.

Defendant Gemar Morgan is to be sentenced by this Court to a minimum term of 15 years as an Armed Career Criminal, a status which was not charged in Defendant's Indictment, was not mentioned in his Rule 11 plea offer, and was never raised by the Government to Defendant's attorney or to Defendant as an outcome in his case. Defendant is subject to the ACCC based on any two of the

three convictions he received twenty-five years ago as a 16-year-old who committed three crimes of violence within an 11-day period in 1995 and for which he was sentenced to supervision as a juvenile.

Standby counsel is now well aware of the case law that states Defendant is not entitled to notice of the §924(e) enhancement in his indictment or at arraignment or at trial and that "notice" in the Presentence Report is sufficient to apprise Defendant that his prior juvenile criminal convictions trigger the mandatory 15 year penalty. *United States v. Miller*, 371 Fed Appx 646, 648-50 (6th Cir, 2010)(unpublished); *United States v. McMurray*, 653 F3d 367, 370-71 (6th Cir, 2011).

However, appropriate "notice" that satisfies due process must be notice that permits the recipient to act to forestall the proposed action. *Griffin v. Griffin*, 327 US 220, 228-30 (1946); *Dusenbery v. United States*, 534 US 161, 168 (2002). In this counsel's experience, the US Attorney's Office for the Eastern District of Michigan has always included the §924(e) notice in the indictment or threatened to include it later in a superseding indictment. It did not do so here. Had such notice been provided, even informally, counsel for Defendant would have tried to negotiate a different offense of conviction, even one with a higher guideline range, to prevent the guaranteed application of §924(e). The notice via the PSR, which is always post-conviction, eliminated any possible alternative resolution. It is

questionable Due Process at best.

The holdings in *Miller* and *McMurray* are based, explicitly or implicitly, on the holding in *Almandarez-Torres v. United States*, that prior criminal convictions are sentencing factors, not elements, of any crime that imposes an enhanced sentence for recidivism. 523 US 224, 226 (1998). The holding in *Almandarez-Torres* was specifically carved out of the holding in *Apprendi* that any fact that increases a sentence beyond the statutory maximum must be charged in the indictment and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 US 466, 490 (2000).

But the *Almendarez-Torres* carve-out may be a distinction without a difference. *Almendarez-Torres* was a 5-4 decision. 523 US at 26. Justices Scalia, Ginsburg, Stevens and Souter, dissented. Supreme Court Justice Thomas, who was the fifth vote of the majority in *Almandarez-Torres*, has disavowed the majority holding that convictions are not elements under the Sixth Circuit in his concurring opinion in *Apprendi*, 530 US at 520-21; his concurring opinion in *Shepard v. United States*, 544 US 13, 27-28 (2005); and his concurring opinion in *Mathis v. United States*, 136 S Ct 2243, 2258 (2016). In *Shepard*, Justice Thomas stated: "in an appropriate case, this Court should consider *Almandarez-Torres'* continuing viability. Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of *Almandarez-Torres* despite the fundamental 'imperative

that the Court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond-a-reasonable doubt requirements,'" citing *Harris v. United States*, 544 US 13, 28 (2005).

Defendant understands that *Almendarez-Torres* and its progeny, including *Miller* and *McMurray*, remain good law until the Supreme Court says otherwise. *United States v. Nagy*, 760 F3d 485, 488-89 (6th Cir, 2014); *United States v. Washington*, 726 Fed Appx 483, 484 and fn. 1 (6th Cir, 2018)(unpublished). But what happened to Defendant here is patently unfair. Defendant is physically injured and mentally ill. He went to trial because he could not independently verify this standby counsel's advise about the controlling cases because of the inadequate research facilities of the county jails in which he was housed. The maximum penalty for Defendant's §922(g)(1) offense of conviction is 10 years. Defendant's post-trial advisory guideline range for his offense of conviction is 18-24 months. This Court is required to impose a sentence of at least 15 years. For this Defendant, 15 years (180 months) is "sufficient" under 18 USC §924(e) and §3553 but far "greater than necessary" to achieve the interests of justice in this case. Standby counsel for Defendant reluctantly requests a sentence of 180 months.

Respectfully submitted,

**GUREWITZ & RABEN, PLC**

By: s/Margaret Sind Raben
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4708
Email: msraben@aol.com

Date: February 7, 2020    Attorney Bar Number: P39243


### CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

s/Margaret Sind Raben (P39243)
Gurewitz & Raben, PLC
333 W. Fort Street, Suite 1400
Detroit, MI 48226
(313) 628-4708
email: msraben@aol.com