UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Criminal No. 19-CR-20259

                                Honorable David M. Lawson

GEMAR MORGAN,

    Defendant.
_____/

# GOVERNMENT'S SENTENCING MEMORANDUM

## I.    INTRODUCTION

On April 9, 2019, the defendant was arrested pursuant to an outstanding felony arrest warrant. During his arrest, a loaded .25 caliber semi-automatic handgun was found in the defendant's right pocket. The defendant is prohibited from possessing any firearms by virtue of multiple prior convictions for crimes punishable by imprisonment for more than one year. As discussed herein, the government requests that the Court sentence the defendant to a term of incarceration within the sentencing guideline range of 188 to 235 months.

## II.    STATEMENT OF FACTS

### a. Offense Conduct

On February 20, 2019, the 24th District Court in Allen Park, Michigan issued a felony arrest warrant for the defendant. Members of the Detroit Fugitive Apprehension Team (DFAT) were tasked with locating the defendant and taking

him into custody on the outstanding warrant. DFAT members were able to locate the defendant on April 9, 2019 at a business in Warren, Michigan. As the defendant exited the building, DFAT members took him into custody and located a loaded Raven Arms, MP 25, .25 caliber semi-automatic pistol in his pocket. The firearm recovered from the defendant's pocket was manufactured outside of the State of Michigan and therefore it had travelled in and affected interstate commerce. Finally, the defendant knew that he had been convicted multiple times of crimes punishable by imprisonment for a term exceeding one year, prohibiting him from possessing a firearm.

### b. Criminal History

The defendant has an extensive criminal history dating back to 1994, when he engaged in a violent crime spree. On January 16, 1994, the defendant was armed when a firearm when he assaulted a victim and robbed that victim of an automobile. (PSR ¶ 36). Just a few days later, on January 20, 1994, again while armed with a firearm, the defendant robbed another victim, taking the victim's money and vehicle. (PSR ¶ 37). Later that month, on January 27, 1994, the defendant used a handgun again while attempting to murder another individual. (PSR ¶ 38). The defendant was charged and convicted in three separate criminal actions with two counts of Armed Robbery, one count of Conspiracy to Commit Armed Robbery, one count of Assault with Intent to Murder, and three felony firearms charges. (PSR ¶¶ 36-38).

In these three criminal actions, the defendant was charged as an adult but was sentenced as a juvenile. (PSR ¶¶ 36-38).

Less than two months after the defendant was discharged from supervision on his 1994 convictions, the defendant resumed his criminal ways. On September 2, 1998, the defendant, while armed with a firearm, robbed a victim of his keys, wallet, vehicle, and other personal belongings. (PSR ¶ 39). The defendant was convicted of one count of Armed Robbery, and one count of Felony Firearm, and was sentenced to 6 to 15 years of incarceration. (PSR ¶ 39).

A lengthy prison sentence did nothing to deter the defendant from committing additional crimes involving the use of a firearm. Less than four months after the defendant was discharged from parole, he viciously assaulted his wife and eventually barricaded himself inside of his home with his children. (PSR ¶ 40). During a standoff with police, the defendant armed himself with a loaded .22 caliber semi-automatic rifle. The defendant was observed standing over his children while pointing the rifle at them and saying "I am going to let God and this gun be my judges." Thankfully, the police officers were able to take the defendant into custody before the children were harmed. The defendant was charged and convicted in the Western District of Michigan of one count of Felon in Possession of a Firearm and was sentenced to prison for 78 months.

### III.     APPLICABILITY OF THE ARMED CAREER CRIMINAL ACT

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) provides that a defendant convicted of being a felon in possession in violation of §922(g) is subject to a mandatory sentence of fifteen years of imprisonment if the defendant has three prior convictions for a serious drug offense or a violent felony, committed on occasions different from one another.  A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such a term if committed by an adult that has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." 18 U.S.C. § 924(e)(2)(B)(i).

The defendant argues that he should not be subjected to the ACCA's sentence enhancement because "sentences for these offenses were imposed on the same day, are treated as a single sentence."  However, the Sixth Circuit has held that "the word 'committed' in §924(e) indicates that the criminal acts must have occurred on separate occasions, not that their resulting convictions must take place on separate dates."  *United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008).  The defendant's 1994 convictions were committed on three separate dates: January 16, 1994; January 20, 1994; and January 27, 1994.  Further, these three crimes involved three separate victims: S.C.; V.L.; and S.M.  Therefore, even though the defendant was sentenced on the same date for these convictions, they were committed on

4

occasions different from one another and count individually for purposes of the A.C.C.A.

The defendant also argues that his 1994 convictions may not count as predicate offenses under the A.C.C.A. because they were juvenile adjudications. However, the defendant was charged as an adult in each of those cases and was merely sentenced as a juvenile. Further, the Sixth Circuit has explicitly held that the use of juvenile adjudications as A.C.C.A. predicates does not violate due process. *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir. 2007). Therefore, the defendant's 1994 convictions are properly used as predicate offenses for A.C.C.A. purposes.

The defendant next argues that his Armed Robbery convictions should not be used as A.C.C.A. predicate offenses by citing to *Johnson v. United States*, 135 S. Ct. 2551 (2015). However, the Court in *Johnson* invalidated only the residual clause of the A.C.C.A. The Court expressly limited its holding by stating that the "decision does not call into question application of the [A.C.C.A.] to the four enumerated offenses, or the remainder of the Act's definition of violent felony." *Id.* at 2563. Post-*Johnson*, the Sixth Circuit has held that the Michigan Armed Robbery statute satisfies the A.C.C.A.'s elements clause. *Reliford v. United States*, 773 Fed. Appx. 248 (6th Cir. May 6, 2019). Therefore, even after *Johnson*, the defendant's 1994 convictions count as predicate offenses under the A.C.C.A.

The defendant also argues that the A.C.C.A. should not apply to him as it was not alleged in the indictment. In *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011), the defendant was convicted after a bench trial of violating 18 U.S.C. § 922(g)(1). Prior to sentencing, while preparing the PSR, the probation department determined that the defendant qualified for a sentence enhancement under the A.C.C.A. The defendant was sentenced to 180 months of imprisonment and he appealed his sentence, arguing that the predicate felony convictions must be included in the indictment and proven beyond a reasonable doubt. In rejecting the defendant's argument, the Sixth Circuit recognized "we have rejected the argument that the ACCA sentencing provision is a separate offense and that the government must plead in the indictment and prove beyond a reasonable doubt the predicate felonies." *Id.* at 370 (citing *United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991)). Further, "that the ACCA is a sentence enhancement rather than a separate offense is well established." *Id.* (citations omitted). Finally, the Court noted "we have observed that due process does not require the government to provide prior notice of its intention to seek a sentence enhancement under the ACCA." *Id.* (citing *United States v. Mauldin*, 109 F.3d 1159, 1163 (6th Cir. 1997)). Therefore, based upon Sixth Circuit precedent, the Government is not required to provide pre-trial notice of its intent to seek a sentencing enhancement under the A.C.C.A.

In summary, the defendant has been convicted of at least three predicate violent felonies for purposes of the A.C.C.A.. The defendant's 1994 armed robbery

convictions count as violent felonies under the elements clause of the A.C.C.A. and were committed on separate occasions. It is not relevant that the defendant was sentenced as a juvenile since even juvenile adjudications may be used as A.C.C.A. predicate offenses. Finally, the government was not required to give pre-trial notice of its intent to seek an enhanced sentence under the A.C.C.A. Therefore, the defendant qualifies for the A.C.C.A. sentencing enhancement and should be sentenced to a mandatory minimum term of fifteen years.

IV. **GUIDELINE RANGE**

Probation calculated a guideline range of 188 to 235 months and the Government agrees with this calculation. The Government agrees with probation's determination that the defendant qualifies for the A.C.C.A. sentencing enhancement and therefore the offense level is 33. USSG 4B1.4(b)(3)(B). Further, the defendant's criminal history should be scored at level IV. USSG 4B1.4(c)(3). Therefore, as determined by probation, the defendant's sentencing guideline range is 188 to 235 months.

V. **SENTENCING GUIDELINE CALCULATIONS AND OTHER RELEVANT 3553(a) FACTORS**

Congress has provided, through 18 U.S.C. § 3553(a), the relevant objectives and factors to be considered by sentencing courts in imposing a "sentence sufficient, but not greater than necessary." Those factors are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for

a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.

The seriousness of the defendant's criminal offense warrants a significant sentence. The defendant has been convicted of multiple felony offenses, both at the state and federal level. These were primarily crimes of violence and have all involved firearms. In the instant case, the defendant not only possessed a semi-automatic pistol despite these convictions, but carried the firearm concealed throughout the community.

The defendant's extensive criminal history, and the need for his sentence to promote respect for the law, protect the public, and afford deterrence, also weigh in favor of a significant sentence within the guideline range. The defendant's criminal history reflects a pattern of engaging in crimes on a continual and constant basis. Quite frankly, the defendant has been a menace to society since his teenage years. He has terrorized his loved ones, his family members, and random individuals in the community. Further, as recognized by probation, deterrence is a major factor in this case. Due to the fact that the defendant has previously been convicted of being a Felon in Possession of a Firearm, the defendant knows that he is not authorized to

possess a firearm.  However, the defendant made a conscious decision to ignore the law and to violate the exact same criminal statute again.  The defendant has made it clear through his actions that he has no respect for the law, no respect for the property of others, and no respect for the safety of those around him in the community.

The only sentence legally available is one beginning at 15 years in prison. The applicable sentencing guideline range is consistent with this statutory requirement, as the bottom of the guideline range begins at 188 months.  Here, the government believes that a sentence within the range of 188 to 235 months followed by a five-year term of supervised release would be "sufficient, but not greater than necessary" to achieve the ends of § 3553(a).

## VI.  CONCLUSION

For the reasons stated above, the United States recommends a term of incarceration within the range of 188 to 235 months followed by a five year term of supervised release

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/Robert W. VanWert*
Robert W. VanWert
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI  48226
robert.vanwert@usdoj.gov
Dated: February 7, 2020                                 (313) 226-9776

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Margaret Raben

> *s/Robert W. VanWert*
> Robert W. VanWert
> Assistant United States Attorney
> 211 W. Fort Street, Suite 2001
> Detroit, MI  48226
> robert.vanwert@usdoj.gov
> (313) 226-9776