26

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

19-20259

UNITED STATES              CASE NO. 2:19-mi-30177 & 2:19-cr-20259

V.                              JUDGE DAVID LAWSON

GEMAR MORGAN "PRO SE"


NOTICE REQUESTING CLERK OF THE
COURT TO FILE SENTENCE MEMORANDUM


DEAR MR. DAVID WEAVER:
    ENCLOSED PLEASE FIND THE SENTENCE MEMORANDUM WHICH
THE DEFENSE HAVE PREPARED AND NEED FILED "ELECTRONICALLY IN
THE DISTRICT COURT ECF SYSTEM". ONCE THE SENTENCE MEMORANDUM
ARE ELECTRONICALLY FILED" THE DEFENCE REQUEST THAT YOUR OFFICE
RETURN THE PROOF OF SERVICE, DOCKET ENTRY AND COPIES OF THE FILED
ECF SENTENCE MEMORANDUM

                              RESPECTFULLY SUBMITTED
                              PRO SE  GEMAR MORGAN

        PROOF OF SERVICE
    ON THIS DAY OF MARCH 2020 THE
    AFTERMENTIONED CERTIFIES THAT
    THIS NOTICE TO FILE BE DEPOSITED
    IN THE INSTITUTION MAIL SYSTEM

                              PRO SE  GEMAR MORGAN

POOR QUALITY ORIGINAL

②

## DEFENCE SENTENCE MEMORANDUM

FIRST OF ALL THE DEFENCE WOULD ASSERT THE (U.S.S.G §5G1.2 - SENTENCING ON MULTIPLE COUNTS OF CONVICTION) - NOTE: COMMENTARY. APPLICATION NOTES: THIS SECTION APPLIES TO MULTIPLE COUNTS OF CONVICTION (A) CONTAINED IN THE SAME INDICTMENT OR INFORMATION, OR (B) CONTAINED IN DIFFERENT INDICTMENTS OR INFORMATIONS FOR WHICH SENTENCES ARE TO BE IMPOSED AT THE SAME TIME & IN A CONSOLIDATED PROCEEDING SEE (U.S.S.G. PART D. MULTIPLE COUNTS (NOTE: IN ORDER TO LIMIT THE SIGNIFICANCE OF THE FORMAL CHARGING DECISION & TO PREVENT MULTIPLE PUNISHMENT FOR SUBSTANTIALLY IDENTICAL OFFENSE CONDUCT, THIS PART PROVIDES RULES FOR GROUPING OFFENSE TOGETHER. CONVICTIONS ON MULTIPLE COUNTS DO NOT RESULT IN A SENTENCE ENHANCEMENT - UNLESS - THE MULTIPLE COUNTS WAS SENTENCE ON DIFFERENT DATES. IN ESSENCE, COUNTS THAT ARE GROUPED TOGETHER ARE TREATED AS CONSTITUTING A SINGLE OFFENSE FOR PURPOSES OF THE GUIDELINES. SEE (ORDER OF PROBATION & ORDER OF CONVICTION AND SENTENCE - WHICH WILL INDICATE THAT EACH COUNT FOR CASE NO. 94-01616 - IS ORDER TO RUN CONCURRENT WITH COUNT NO. 94-01615 AND 94-01832 - RESULTING TO A SINGLE JUVENILE ADJUDICATION AND JUVENILE SENTENCE - WHICH QUALIFY AS A CONSOLIDATED PROCEEDING). THE COURT ORDER WILL REFLECT THAT THE PLEA ORDER AND SENTENCE ORDER - ALL REFLECT A SINGLE DATE, TIME AND CONSOLIDATED PROCEEDING THAT WAS ORDERED ON THE SAME DATE & TIME. SEE §4B1.4 OF THE (U.S.S.G - APPLICATION NOTES: IT IS TO BE NOTED THAT THE PROCEDURAL STEPS RELATIVE TO THE IMPOSITION OF AN ENHANCED SENTENCE UNDER 18 U.S.C. §924 (e) ARE NOT SET FORTH BY STATUTE & MAY VARY TO SOME EXTENT FROM JURISDICTION TO JURISDICTION - WHERE AS ACCORDING

③

TO THE APPLICATION NOTES THE "JURISDICTION IN THIS MATTER" WILL BE THE MICHIGAN STATUTES CH.760-777 PART 5 PRIOR RECORD VARIABLES §777.50 CONVICTION OR JUVENILE ADJUDICATION 10 OR MORE YEARS FROM DISCHARGE AND COMMISSION OF NEXT OFFENSE. (a) IF IT IS 10 OR MORE YEARS. DO NOT USE THAT PRIOR CONVICTION OR JUVENILE ADJUDICATION AND ANY EARLIER CONVICTION FOR A PRIOR CONVICTION VARIABLE. SEE MCL §712A3 CRIMINAL CHARGE AGAINST PERSON UNDER AGE 17: TRANSFER OF CASE TO FAMILY DIVISION OF CIRCUIT COURT. LET LOOK INTO THE CASE MAKER LAW LIBRARY DEFINITION FOR CONSOLIDATION - A JOINING TOGETHER OF SEPARATE PARTS INTO ONE, SUCH AS A MERGER OR THE JOINING OF COUNTS, CHARGES, OR SUITS TO BE TRIED AS ONE. ALSO LET'S LOOK AT THE DEFINITION OF DISCHARGE - TO DISCHARGE A PERSON HELD ON ACCUSATION OF A CRIME IS TO SET HIM FREE. SEE, JOHNSON v. U.S., 135 S.Ct. 2551 - THE GOVERNMENT VIOLATES THE DUE PROCESS CLAUSE WHEN IT TAKES **AWAY** SOMEONE'S LIFE, LIBERTY, OR PROPERTY UNDER A CRIMINAL LAW SO VAGUE THAT IT FAILS TO GIVE ORDINARY PEOPLE FAIR NOTICE OF THE CONDUCT IT PUNISHES, OR SO STANDARDLESS THAT IT INVITES ARBITRARY ENFORCEMENT. THE PROHIBITION OF VAGUENESS 135 S.Ct. 2551 IN CRIMINAL STATUTES "IS WELL A WELL - RECOGNIZED REQUIREMENT, CONSONANT ALIKE WITH ORDINARY NOTIONS OF FAIR PLAY AND THE SETTLED RULES OF LAW," AND A STATUTE THAT FLOUTS IT "VIOLATES THE FIRST ESSENTIAL OF DUE PROCESS. THESE PRINCIPLES APPLY NOT ONLY TO **STATUTE** DEFINING ELEMENTS OF CRIMES, BUT ALSO TO STATUTES FIXING SENTENCES. SEE TAYLOR "110 S.Ct. 2143" - TAYLOR EXPLAINED THAT THE RELEVANT PART OF THE ARMED CAREER CRIMINAL ACT "REFERS TO 'A PERSON WHO ... HAS THREE PREVIOUS CONVICTIONS' FOR - NOT A PERSON WHO HAS COMMITTED - THREE PREVIOUS VIOLENT FELONIES OF DRUG OFFENSES." THIS EMPHASIS ON CONVICTIONS INDICATES "THAT"



CONGRESS INTENDED THE SENTENCING COURT TO LOOK ONLY TO THE FACT THAT THE DEFENDANT HAS BEEN CONVICTED OF CRIMES FALLING WITHIN CERTAIN CATEGORIES, AND NOT THE FACTS UNDERLYING THE PRIOR CONVICTIONS. TAYLOR ALSO POINTED OUT THE UTTER IMPRACTICABILITY OF REQUIRING A SENTENCING COURT TO RECONSTRUCT, LONG AFTER THE ORIGINAL CONVICTION THE CONDUCT UNDERLYING THAT CONVICTION. FOR EXAMPLE, IF THE ORIGINAL CONVICTION RESTED ON A GUILTY PLEA, NO RECORD OF THE UNDERLYING FACTS MAY BE AVAILABLE." THE ONLY PLAUSIBLE "INTERPRETATION" OF THE LAW, THEREFORE REQUIRES THE USE OF THE ENUMERATED CRIMES LISTED WHICH IS (BURGLARY, ARSON, OR EXTORTION, INVOLVES USE OF EXPLOSIVES, SEE. THE PROBATIONS OFFICER LETTER MAILED TO (MARGARET RABIEN ON FEB 4TH, 2020) WHERE THE PROBATION OFFICER MADE CHANGES TO THE (PSR). BUT THE PROBATION OFFICER LIED UNDER OATH - WHEN THE JUDGE DAVID LAWSON ASKED - JENNIFER DANUSH - DID SHE MAKE CHANGES TO THE (RS.R - DATED ON 1/03/20) - AND - JENNIFER DANUSH COMMITTED PERJURY - BECAUSE JENNIFER DANUSH - GAVE THE COURT AN ANSWER. THAT REPLIED NO! NOW UPON THE ANSWER NO THE - THE LETTER THAT THE PROBATION OFFICER ENDORSE ON (2/4/20) PROVE THAT THE PROBATION OFFICER CREATED CHANGES THAT INVOLVES THE STATUTE (18 U.S.C. § 924(e)(B)(2)) ii WHICH REQUIRE THE DEFENCE THE TIME TO PREPARE FOR AN ENTIRE NEW SET OF OBJECTIONS THAT APPLY TO THE (CHANGES THAT WAS IMPLEMENTED IN THE (P.S.R.) SEE "136 S.CT. 2243 MATHIS V. U.S" - "ELEMENTS" ARE THE CONSTITUENT PARTS OF A CRIME'S LEGAL DEFENITION; WHICH MUST BE PROVED BEYOND A REASONABLE DOUBT TO SUSTAIN A CONVICTION; THEY ARE DISTINCT FROM "FACTS", WHICH ARE MERE REAL-WORLD THINGS - EXTRANEOUS TO THE CRIME'S LEGAL REQUIREMENTS AND THUS IGNORED BY THE CATEGORICAL APPROACH. WHEN

⑤

A STATUTE DEFINES ONLY A SINGLE CRIME WITH A SINGLE SET OF ELEMENT, APPLICATION OF THE CATEGORICAL APPROACH IS STRAIGHTFOWARD, BUT WHEN A STATUTE DEFINES MULTIPLE CRIMES BY LISTING MULTIPLE, ALTERNATIVE ELEMENTS, THE ELEMENTS REQUIRED BY THE CATEGORICAL APPROACH IS MORE DIFFICULT. TO DECIDE WHETHER A CONVICTION UNDER SUCH A STATUTE IS FOR A LISTED ACCA OFFENSE, A SENTENCING COURT MUST DISCERN WHICH OF THE ALTERNATIVE ELEMENTS WAS INTEGRAL TO THE DEFENDANT'S CONVICTION: THAT DETERMINATION IS MADE POSSIBLE BY THE "MODIFIED [195 L.ED. 2d 608] CATEGORICAL APPROACH" WHICH PERMITS A COURT TOO LOOK AT A LIMITED CLASS OF DOCUMENTS FROM THE RECORD OF A PRIOR CONVICTION TO DETERMINE WHAT CRIME WITH WHAT ELEMENTS, A DEFENDANT WAS CONVICTED OF BEFORE COMPARING THAT CRIME'S ELEMENTS TO [136 S.Ct. 2246] THOSE OF THE GENERIC OFFENSE, THIS COURT HELD=THAT THIS CASE IS RESOLVED BY THIS COURT'S PRECEDENTS, WHICH HAVE REPEATEDLY **HELD**, AND IN NO UNCERTAIN TERMS, THAT A STATE CRIME CANNOT QUALIFY AS AN ACCA PREDICATE IF ITS ELEMENTS ARE BROADER THAN THOSE OF A 1ST RELEVANT GENERIC OFFENSE. SEE, E.G., TAYLOR, 110 S.Ct. 2143." THE "UNDERLYING BRUTE FACTS OR MEANS" BY WHICH THE DEFENDANT COMMITS HIS CRIME, RICHARDS V. U.S., 119 S.Ct. 1707, MAKE NO DIFFERENCE; EVEN IF THE DEFENDANT'S CONDUCT, IN FACT, FITS WITHIN THE DEFINITION OF THE GENERIC OFFENSE, THE MISMATCH OF ELEMENTS SAVES HIM FROM AN ACCA SENTENCE. ACCA REQUIRES A SENTENCING JUDGE TO LOOK ONLY TO "THE ELEMENTS OF THE [OFFENSE], NOT TO THE FACTS OF THE DEFENDANTS CONDUCT." TAYLOR, 110 S.Ct. 2143." THIS COURT'S CASES ESTABLISH THREE BASIC REASONS FOR ADHERING TO AN ELEMENTS - ONLY INQUIRY, 1ST, ACCA'S TEXT, WHICH ASKS ONLY ABOUT A DEFENDANT'S "PRIOR CONVICTION" INDICATES THAT CONGRESS MEANT FOR THE SENTENCING JUDGE TO ASK ONLY WHETHER "THE DEFENDANT HAD BEEN CONVICTED OF CRIMES

FALLING WITHIN CERTAIN CATEGORIES," ID.; AT 600, 110 S.Ct. 2143, NOT WHAT HE HAD DONE. SECOND, CONSTRUING ACCA TO ALLOW A SENTENCING JUDGE TO GO ANY FURTHER WOULD RAISE SERIOUS 6TH AMENDMENT CONCERNS BECAUSE ONLY A JURY, NOT A JUDGE MAY FIND FACTS THAT INCREASE THE MAXIMUM PENALTY. SEE APPRENDI V. NEW JERSEY, 120 S.Ct. 2348. AND 3RD, AN ELEMENT FOCUS AVOIDS UNFAIRNESS TO DEFENDANTS, WHO OTHERWISE MIGHT BE SENTENCED BASED ON STATEMENTS OF "NON-ELEMENTAL FACTS" THAT ARE PRONE TO ERROR BECAUSE THEIR PROOF IS UNNECESSARY TO A CONVICTION. DESCAMPS Vs. US. 133 S.Ct. 2276 FINALLY, A STATUTE'S LISTING OF DISTINCTIVE MEANS DOES NOTHING TO MITIGATE THE POSSIBLE UNFAIRNESS OF BASING AN INCREASED PENALTY ON SOMETHING NO LEGALLY NECESSARY TO A PRIOR CONVICTION. ACCORDINGLY, WHETHER MEANS ARE LISTED IN A STATUTE OR NOT, ACCA DOES NOT CARE ABOUT THEM RATHER, ITS FOCUS, AS ALWAYS, REMAINS ON A CRIME'S ELEMENTS. DISTINGUISHING BETWEEN ELEMENTS AND FACTS IS THEREFORE CENTRAL TO ACCA'S OPERATION. "ELEMENTS" ARE THE "CONSTITUENT PARTS" OF A CRIME'S LEGAL DEFINITION - THE THINGS THE "PROSECUTION MUST PROVE TO SUSTAIN A CONVICTION." BLACK'S LAW DICTIONARY 634 (10TH ED. 2014). AT A TRIAL, ELEMENTS ARE WHAT THE JURY MUST FIND BEYOND A REASONABLE DOUBT TO CONVICT THE CONVICT THE DEFENDANT SEE (RICHARDSON V. U.S. 119 S.Ct. 1707. FACTS, ARE CONTRAST, ARE MERE REAL-WORLD THINGS - EXTRANEOUS TO THE CRIME LEGAL REQUIREMENTS. THEY ARE "CIRCUMSTANCES" OR "EVENTS" HAVING NO "LEGAL EFFECT OR CONSEQUENCE. BUT IF THE CRIME OF CONVICTION COVERS ANY MORE CONDUCT THAN THE GENERIC OFFENSE, THEN IT IS NOT AN ACCA PREDICATE - EVEN IF THE DEFENDANT'S ACTUAL CONDUCT (I.E., THE FACTS OF THE CRIME) FITS WITHIN THE GENERIC OFFENSE'S BOUNDARIES. SECOND, A CONSTRUCTION OF ACCA ALLOWING A

⑦

A SENTENCING JUDGE TO GO ANY FURTHER WOULD RAISE SERIOUS SIXTH AMENDMENT CONCERNS. THIS COURT HAS HELD THAT ONLY A JURY, AND NOT A JUDGE, MAY FIND FACTS THAT INCREASES A MAXIMUM PENALTY, EXCEPT FOR THE SIMPLE FACT OF A PRIOR CONVICTION. SEE APPRENDI. V. NEW JERSEY; 120 S. Ct. 2348 (200). THAT MEANS A JUDGE CANNOT GO BEYOND IDENTIFYING THE CRIME OF CONVICTION TO EXPLORE THE MANNER IN WHICH THE DEFENDANT COMMITTED THE OFFENSE. SEE SHEPARD, 125 S. Ct. 1254 (THOMAS J., CONCURRING IN PART AND CONCURRING IN JUDGEMENT) (STATING THAT SUCH AN APPROACH WOULD AMOUNT TO "CONSTITUTIONAL ERROR") HE IS PROHIBITED FROM CONDUCTING SUCH AN INQUIRY HIMSELF, AND SO TOO HE IS BARRED FROM MAKING A DISPUTED DETERMINATION ABOUT "WHAT THE DEFENDANT AND STATE JUDGE MUST HAVE UNDERSTOOD AS THE FACTUAL BASIS OF THE PRIOR PLEA" OR "WHAT THE JURY IN A PRIOR TRIAL MUST HAVE ACCEPTED AS THE THEORY OF THE CRIME. SEE I.D. AT [125 S. Ct. 1254 (PLURALITY OPINION); DESCAMPS, 570 U.S. at ___, 133 S. Ct. 2276. HE CAN DO NO MORE, CONSISTENT WITH THE 6TH AMENDMENT, THAN DETERMINE WHAT CRIME, WITH WHAT ELEMENTS, THE DEFENDANT WAS CONVICTED OF. [136 S. Ct. 2253] AND THIRD, AN ELEMENTS-FOCUS AVOIDS UNFAIRNESS TO DEFENDANTS. STATEMENTS OF "NON-ELEMENTAL FACT" IN THE RECORDS OF PRIOR CONVICTIONS ARE PRONE TO ERRORS PRECISELY BECAUSE THEIR PROOF IS UNNECESSARY. Id. at; 133 S. Ct. 2276. AT TRIAL AND STILL MORE AT PLEA HEARINGS, A DEFENDANT MAY HAVE NO INCENTIVE TO CONTEST WHAT DOES NOT MATTER UNDER LAW; TO THE CONTRARY, HE "MAY HAVE GOOD REASON NOT TO" OR EVEN BE PRECLUDED FROM DOING SO BY THE COURT. IbID. WHEN THAT IS TRUE, A PROSECUTOR'S OR JUDGE'S MISTAKE AS TO MEANS, REFLECTED IN THE RECORD, IS LIKELY TO GO UNCORRECTED SEE IBID. SUCH INACCURACIES SHOULD NOT COME BACK TO HAUNT THE DEFENDANT [195 L. Ed. 2d 616] MANY YEARS DOWN THE ROAD BY TRIGGERING

(8)

A LENGTHY MANDATORY SENTENCE, ACCA'S USE OF THE TERM "CON-VICTIONS" STILL SUPPORTS AN ELEMENTS-BASED INQUIRY; IN LESS IT THAT LANGUAGE DIRECTLY REFUTES AN APPROACH THAT WOULD TREAT AS CONSEQUENTIAL A STATUTE'S REFERENCE TO FACTUAL CIRCUM-STANCES NOT ESSENTIAL TO ANY CONVICTION. SIMILARLY, THE SIXTH AMENDMENT PROBLEMS ASSOCIATED WITH A COURT'S EXPLORATION OF MEANS RATHER THAN ELEMENTS DO NOT ABATE IN THE FACE OF A STATUTE LIKE [ACCA]. WHETHER OR NOT MENTIONED IN A STATUTE TEXT, ALTERNATIVE FACTUAL SCENARIOS REMAIN JUST THAT-AND SO REMAIN OFF-LIMITS TO JUDGES IMPOSING ACCA ENHANCEMENTS AND FINALLY, A STATUTE'S LISTING OF DISJUNCTIVE MEANS DOES NOTHING TO MITIGATE THE POSSIBLE UNFAIRNESS OF BASING A INCREASED PENALTY ON SOMETHING NOT LEGALLY NECESSARY TO A PRIOR CONVICTION. WHATEVER THE STATUTE SAYS, OR LEAVES OUT, ABOUT DIVERSE WAYS OF COMMITTING A CRIME MAKES NO DIFF-ERENCE TO THE DEFENDANT'S INCENTIVES (OR LACK THEREOF) TO CONTEST SUCH MATTERS. ACCA, AS JUST EXPLAINED, TREATS SUCH FACTS AS IRRELEVANT: FIND THEM OR NOT, BY EXAMINING THE RECORD OR ANYTHING ELSE, A COURT STILL MAY NOT USE THEM TO ENHANCE A SENTENCE. SEE [PRESENTENCED INVESTIGATION REPORT; PG. 7-LINE 6 OR PARAGRAPH 36; PG. 8-LINE 6 OR PARAGRAPH 37; PG. 9 & 10-LINE 6 OR PARAGRAPH 38 & 39; THE PROBATION OFFICE BASED IT'S INFORMATION OFF A 2006 PRESENTENCE REPORT-WHICH ALLEGED MR. MORGAN I KNOW TO BE FALSE FROM THE ACTUAL 1994 AND 1998 (RECORDS)-ALSO SEE PROBATION OFFICER STATEMENT WHICH STATES: RECORDS ARE UNAVAILABLE DUE TO THE AGE OF THE CASE. IN DECAMPS, THE SOLE DISSENTING JUSTICE MADE AN ARGUMENT IDENTICAL TO THE ONE NOW ADVANCED BY THE GOVERNMENT AND JUSTICE BREYER: THAT OUR PRIOR CASE LAW HAD NOT INTENDED TO DISTINGUISH BETWEEN STATUTES LISTING ALTERNATIVE ELEMENTS

9

AND THOSE SETTING OUT "MERELY ALTERNATIVE MEANS" OF COMMISSION. [133 S.Ct. 2276 (OPINION OF ALITO, J.) THE COURT REJECTED THAT CONTENTION, STATING THAT "ALL THOSE DECISIONS RESTED ON THE EXPLICIT PREMISE THAT THE LAWS CONTAINED STATUTORY PHRASES THAT COVER SEVERAL DIFFERENT CRIMES, NOT SEVERAL DIFFERENT METHODS OF COMMITTING ONE OFFENSE" - IN OTHER WORDS, THAT THEY LISTED [136 S.Ct. 2255] ALTERNATIVE ELEMENTS, NOT ALTERNATIVE MEANS. Id. AT "133 S.Ct. 2276"; SEE, e.g., JOHNSON V. U.S., 130 S.Ct. 1265; 129 S.Ct. 2294. THAT PREMISE WAS IMPORTANT, WE EXPLAINED, BECAUSE AN ACCA PENALTY MAY BE BASED ONLY ON WHAT A JURY "NECESSARILY FOUND" TO CONVICT A DEFENDANT. DECAMPS "133 S.Ct. 2276" AND ELEMENTS ALONE FIT THAT BILL; A MEANS, OR (AS WE HAVE CALLED IT) "NON-ELEMENTAL FACT," "IS" BY DEFINITION [ ] NOT NECESSARY TO SUPPORT A CONVICTION. Id. AT "136. S.Ct. 2276". ACCORDINGLY, DECAMPS MADE CLEAR THAT WHEN THE COURT HAD EARLIER SAID (AND SAID AND SAID) "ELEMENTS," IT MEANT JUST THAT AND NOTHING ELSE. FOR THAT REASON, THIS COURT (INCLUDING JUSTICE BREYER) RECENTLY MADE CLEAR THAT A COURT MAY NOT LOOK BEHIND THE ELEMENTS OF A GENERALLY DRAFTED STATUTE TO IDENTIFY THE MEANS BY WHICH A DEFENDANT COMMITTED A CRIME. FOR MORE THAN 25 YEARS, WE HAVE REPEATEDLY MADE CLEAR THAT APPLICATION OF ACCA INVOLVES, AND INVOLVES ONLY, COMPARING ELEMENTS. SOME HAVE RAISED CONCERNS ABOUT THIS LINE OF DECISIONS AND SUGGESTED TO CONGRESS THAT IT RECONSIDER HOW ACCA IS WRITTEN. THOMAS, JUSTICE CONCURRING. I JOIN THE COURT'S OPINION, WHICH FAITHFULLY APPLIES OUR PRECEDENTS. THE COURT HOLDS THAT THE MODIFIED CATEGORICAL APPROACH CANNOT BE USED TO DETERMINE THE SPECIFIC MEANS BY WHICH A DEFENDANT COMMITTED A CRIME. BY RIGHTLY REFUSING TO APPLY THE MODIFIED CATEGORICAL APPROACH, THE COURT AVOIDS FURTHER EXTENDING ITS PRECEDENT THAT LIMITS A CRIMINAL DEFENDANT'S RIGHT TO

(10)

TO A PUBLIC TRIAL BEFORE A JURY OF HIS PEERS. IN ALMENDAREZ-TORRES V. U.S. 118 S. Ct. 1219, THE COURT HELD THAT THE EXISTENCE OF A PRIOR CONVICTION TRIGGERING ENHANCED PENALTIES FOR A RECIDIVIST WAS A FACT THAT COULD BE FOUND BY A JUDGE, NOT AN ELEMENT OF THE CRIME THAT MUST BE FOUND BY A JURY. TWO YEARS LATER, THE COURT HELD THAT "ANY FACT THAT INCREASES THE PENALTY FOR A CRIME BEYOND THE PRESCRIBED STATUTORY MAXIMUM" IS AN ELEMENT [136 S. Ct. 2259] OF A CRIME AND THEREFORE " MUST BE SUBMITTED TO A JURY, AND PROVED BEYOND A REASONABLE DOUBT", APPRENDI V. NEW JERSEY, 120 S. Ct. 2348 BUT APPRENDI RECOGNIZED AN EXCEPTION FOR THE "FACT OF A PRIOR CONVICTION," INSTEAD OF OVERRULING ALMENDAREZ-TORRES - SEE "120 S. Ct 2348". I CONTINUE TO BELIEVE THAT THE EXCEPTION IN APPRENDI WAS WRONG, AND I HAVE URGED THAT ALMENDAREZ-TORRES BE RECONSIDERED. SEE DECAMP V. U.S. - 133 S. Ct. 2276 (THOMAS, J., CONCURRING IN JUDGEMENT CONSISTENT WITH THIS VIEW). I CONTINUE TO BELIEVE THAT DEPENDING ON JUDGE-FOUND FACTS IN [ACCA] CASES VIOLATES THE SIXTH AMENDMENT AND IS IRRECONCILABLE WITH APPRENDI ACCA IMPROPERLY "ALLOWS THE JUDGE TO MAKE A FINDING THAT RAISES [A DEFENDANT'S] SENTENCE BEYOND THE SENTENCE THAT COULD HAVE LAWFULLY BEEN IMPOSED BY REFERENCE TO FACTS FOUND BY THE JURY. DESCAMPS "133 S. Ct. 2276". THE SIXTH AMENDMENT PROBLEMS PERSISTS REGARDLESS OF WHETHER "A COURT IS DETERMINING WHETHER A PRIOR CONVICTION WAS ENTERED OR ATTEMPTING TO DISCERN WHAT FACTS WERE NECESSARY TO A PRIOR CONVICTION. TODAY, THE COURT "AT LEAST LIMITS THE SITUATIONS IN WHICH COURTS MAKE FACTUAL DETERMINATIONS ABOUT PRIOR CONVICTIONS. IBID. AS THE COURT EXPLAINS, THE

(11)

MEANS OF COMMITTING AN OFFENSE ARE NOTHING MORE THAN "VARIOUS FACTUAL WAYS OF COMMITTING SOME COMPONENT OF THE OFFENSE." ANTE, AT 4. PERMITTING JUDGES TO DETERMINE THE MEANS OF COMMITTING A PRIOR OFFENSE WOULD EXPAND ALMENDAREZ-TORRES. THEREFORE, I JOIN THE COURT'S OPINION REFUSING TO ALLOW JUDGES TO DETERMINE, WITHOUT A JURY WHICH ALTERNATIVE MEANS SUPPORTED A DEFENDANT'S PRIOR CONVICTION. IN RENDON V. HOLDER, 782 F.3d 466, 466-473 (CA9 2014)(DISSENT FROM DENIAL OF REHEARING), EIGHT CIRCUIT JUDGES ADDRESSED THE QUESTION OF THE DIFFICULTY OF THIS DETERMINATION. THEY DESCRIBED IT AS "A NOTORIOUSLY UNCERTAIN INQUIRY" THAT WILL LEAD TO "UNCERTAIN RESULTS" IN ANOTHER SOLO DISSENT, JUSTICE ALITO TODAY SWITCHES GEARS, ARGUING NOT THAT OUR PRECEDENT IS CONSISTENT WITH HIS MEANS-BASED VIEW, BUT INSTEAD THAT ALL OF OUR ACCA DECISIONS ARE MISGUIDED BECAUSE ALL FOLLOW FROM AN INITIAL WRONG TURN IN "TAYLOR V. U.S. 110 S. Ct 2143." [1] WELCH'S §2255 MOTION DID ASSERT THAT HIS "ROBBERY UNDER FLORIDA [STAT-UTES] IS AMBIGUOUS, VAGUE, AND WAS WITHOUT ANY VIOLENCE AND/OR PHYSICAL FORCE," APP. 960, AND THAT FLORIDA ROBBERY "HAS MULTIMEANING Id., at 970. BUT CHALLENGING THE VAGUENESS OF FLORIDA LAW IS QUITE DIFFERENT FROM THE ARGUMENT WELCH NEEDED TO ASSERT A JOHNSON CLAIM: THAT THE RESIDUAL CLAUSE IS ITSELF UNCONSTITUTIONALLY VAGUE. TODAY'S DECISION, LIKE THOSE THAT PRECEDED IT, PROFESSES TO VENERATE JUSTICE HARLAN'S THEORY OF RETROACTIVITY. SEE ANTE, at 7; MONTGOMERY, SUPRA, at ___ 136 S. Ct. 718. THIS RINGS, HOLLOW); THESE DECISIONS SPELL IT'S RUIN. JUST LIKE WELCH ARMED ROBBERY IN THE NOTES OF [136 S. Ct. 1257] "ROBBERY UNDER MICH. [STATUTES] IS AMBIGUOUS, VAGUE, AND WAS WITHOUT ANY VIOLENCE AND/OR PHYSICAL FORCE." MORGAN ASSERTS THE [MCL 750·529] ARMED ROBBERY IN 1994



SENTENCED TO 87 MONTHS IMPRISONMENT (THE **CONSOLIDATED CONVICTION**). HE **WAS** RELEASED FROM **CUSTODY IN** MAY 2006 AND COMPLETED HIS TERM OF SUPERVISED RELEASE IN 2008. IN NOVEMBER 2009, KING COMMITTED BANK ROBBERY IN THE DISTRICT OF MINNESOTA, LEADING TO THE INSTANT CASE. A GRAND JURY INDICTED KING ON TWO COUNTS OF BANK **ROBB-ERY,** IN VIOLATION OF 18 U.S.C. § 2113(a). ON FEB. 9TH, 2010, KING PLEADED GUILTY TO BOTH COUNTS. IN THE PLEA AGREEMENT, THE PARTIES RESERVED THE RIGHT TO SEEK DEPARTURES AND VARIAN-CES. AT SENTENCING, THE COURT ADOPTED THE PRESENTENCE INVESTIGATION REPORT AND DETERMINED THAT APPLICATION OF THE U.S. SENTENCING COMMISSION GUIDELINES MANUAL (GUIDE LINES) RESULTED IN AN INITIAL OFFENSE LEVEL OF 21 AND A CRIMINAL HISTORY CATEGORY OF III. AS A RESULT, KING ADVISORY TERM OF IMPRISONMENT WAS 46-57 MONTHS. THE GOVERNMENT MOVED FOR AN UPWARD DEPARTURE UNDER GUIDELINES § 4A1.3, ARGUING KING SHOULD BE SENTENCED AS A DE FACTO CAREER OFFENDER. *Id* AT 16:23-24. THE COURT FOUND THAT "KING'S 14 PRIOR BANK ROBBERIES COMMITTED OVER A PERIOD OF SIX MONTHS, IN SIX DIFFERENT STATES, REFLECT PROFOUND CRIMINAL BEHAVIOR" AND "OBVIOUS INCORRIGIBILITY" AND NOTED THAT DUE TO THEIR CONSOLIDATION INTO A SINGLE PROCEEDING, "KING RECEIVED THREE POINTS OUT OF 42 POINTS FOR THE 14 **BANK ROBBERIES** - WHICH THE **DISTRICT TREATED AS A SINGLE CONVICTION AND SENTENCE.** JUST AS THE U.S. **DISTRICT COURT** CONSIDERED "14 BANK ROBBERIES" IN THE [U.S. v. KING - NO. 10-01 (DSD/JJG)] CASE; MORGAN **ASSERTS** IN THIS PRESENT CASE THAT THE "3 COUNTS" THAT WAS **TRIED** AND DISPOSED OF AS "**PROBATION**" AND ADJUDICATED AS A JUVENILE - WAS **TRANSACTED** AS "ONE ADJUDICATION



(14)

AND ONE SENTENCE. SEE THE "PROBATION ORDER" & SENTENCE DOCUMENTATION" - WHICH REFLECT THAT MORGAN "JUVENILE ADJUDICATION WAS CONSOLIDATED INTO A "SINGLE TRANS-ACTION" - WHICH EXCLUDE MR. MORGAN FROM THE PROVISION OF "THREE SEPARTE PREVIOUS CONVICTION". FOURTH, MORGAN ASSERTS THAT THE "PROBATION ORDER" - DOES NOT SATISFY THE TERM "IMPRISONMENT - AS THE [ACCA - DEFINE VIOLENT FELONY RELATINGING TO IMPRISONMENT]. SEE THE DEFINITION OF PROBATION : IN CRIMINAL LAW, THE SENTENCE IMPOSED BY THE JUDGE WHEN THE DEFENDANT IS NOT IMPRISONED BUT INSTEAD IS REQUIRED TO REPORT PERIODICALLY TO THE "PROBATION OFFICER" WHO SUPERVISES THE PROBATION, ENSURING THAT THE PERSON ON PROBATION IS PRODUCTIVELY EMPLOYED AND OUT OF TROUBLE WITH LAW]. ALSO MORGAN WOULD LIKE FOR THE RECORD TO REFLECT THE "VAGUENESS OF U.S.S.G. § 4B1.4 - ARMED CAREER CRIMINAL APPLICATION NOTE: IT IS ALSO TO BE NOTED THAT PROCEDURAL STEPS RELATIVE TO THE IMPOSITION OF AN ENHANCED SENTENCE UNDER 18 U.S.C. § 924(e) ARE NOT SET FORTH BY STATUTE & MAY VARY TO SOME EXTENT. SEE [139 S. Ct. 2319] IN OUR CONSTITUT-TIONAL ORDER - A VAGUE LAW IS NO LAW AT ALL. DEFENCE ASSERTS THAT CASE [94-01832] BE REMOVED FROM THE [P.S.R. "IN RESPECT OF FEDERAL RULE OF EVIDENCE - RULE 410(a)(2) PROHIBITED USES IN A CRIMINAL CASE, EVIDENCE OF THE FOLLOWING IS NOT AMISSIBLE AGAINST THE DEFENDANT WHO MADE THE PLEA: (2) OF A NOLO CONTENDER PLEA] SEE [P.S.R.; PG.9; LINE & OR PARAGRAPH 38 - WAS A NOLO CONTENDER PLEA] SEE [FED. R. OF CRIM. P. - RULE 32(d)(3)(C) - EXCLUSION OF ANY INFORMATION] THAT IF DISCLOSED MIGHT RESULT IN HARM TO THE DEFENDANT]. DEFENCE REQUEST THAT THE RULE APPLY AS COMMANDED AND [NOLO CONTENDER PLEA] BE EXCLUDED AS EVIDENCE AGAINST THE DEFENDANT.

(15)

MORGAN ASSERTS (18 U.S.C. § 3553 - IMPOSITION OF A SENTENCE (F) LIMITATION ON APPLICATION OF STATUTORY MINIMUM IN CERTAIN CASES (1) IF THE DEFENDANT DOES NOT HAVE (A) MORE THAN 4 CRIMINAL HISTORY POINTS (2) THE DEFENDANT DID NOT USE VIOLENCE OR THREATS OF VIOLENCE IN CONNECTION WITH OFFENSE (3) THE OFFENSE DID NOT RESULT IN DEATH OR SERIOUS BODILY INJURY TO ANY PERSON). SEE PG. 6, PARAGRAPH AND OR LINE 23 & 24 OF THE P.S.R., ALSO SEE PG. 12, PARAGRAPH AND OR LINE 41 & 42 - WHICH REFLECT TOTAL CRIMINAL HISTORY POINTS OF 3 - WHICH MORGAN ASSERTS IS NOT MORE THAN 4 POINT IN (18 U.S.C.§ 3553(F)(1)(A)), FOR THOSE REASON MORGAN REQUEST THAT THE SENTENCING COURT HONOR THE LIMITATION ON APPLICATION OF STATUTOR MINIMUM WHEN TOTAL CRIMINAL HISTORY POINTS IS 3 WHICH IS LESS THAN FOUR, AND MORGAN REQUEST THAT THE APPLICABLE GUIDELINE FOR BASS OFFENSE LEVEL 14 WHICH IS ON PG. 7, PARAGRAPH & OR LINE 27 & 32 OF THE P.S.R.; AND CRIMINAL HISTORY 3 POINT FOR CATEGORY II - WHICH IS ON PG. 12, PARAGRAPH & OR LINE 41 & 42 OF P.S.R. BE THE COURSE OF THE GUIDELINE RANGE IN REFERENCE OF (18 U.S.C. § 3351(b) & 18 U.S.C. § 3553(F)(1)(A) - LIMITATION OF THE APPLICATION OF STATUTORY MINIMUM - IF DEFENDANT DOES NOT HAVE MORE THAN 4 CRIMINAL HISTORY POINT - THE P.S.R. REFLECT 3 CRIMINAL HISTORY POINTS). ALSO MORGAN ASSERTS (LOCAL RULE FOR THE EASTERN DISTRICT OF MICHIGAN) - RULE 16(b)(3) DISCLOSURE TO U.S. PROBATION) - AT ARRAIGNMENT THE U.S. GOVERNMENT SHALL TENDER TO U.S. PROBATION OFFICE ALL ESSENTIAL INFORMATION NEED BY U.S. PROBATION TO ACCURATELY CALCULATE THE SENTENCE GUIDELINE RANGE FOR THE DEFENDANT INCLUDING, BUT NOT LIMITING TO: INFORMATION REGARDING THE NATURE OF OFFENSE, DEFENDANT'S ROLE IN OFFENSE, DEFENDANT CRIMINAL HISTORY WHICH IS 3 POINTS



OR CATEGORY II, SEE ATTACHMENT THE U.S. GOVERNMENT CALCULATION SHEET (WHICH REFLECT (N/A IN THE ARMED CAREER CRIMINAL BOX). SEE SHERMAN HARPER V. U.S., 780 F.D. APPX. 236, (6TH CIR. 2019). Id. AT 239. IN DECIDING WHETHER AN OFFENSE QUALIFIES AS A VIOLENT FELONY UNDER (ACCA), THE CATEGORICAL APPROACH FIRST ADOPTED IN TAYLOR V. U.S. (110 S.Ct. 2143, (1190). IN DESCAMPS U.S. 133 S.Ct. 2276 (2013), THE COURT REAFFIRMED IT'S COMMITMENT TO A "STRICT CATEGORICAL APPROACH." DESCAMPS HELD THAT THE DETERMINATION OF A PREDICATE OFFENSE UNDER THE [ACCA] MUST BE MADE SOLELY BY EXAMINING THE ELEMENTS OF THE CRIMINAL STATUTE COMPARED WITH "BURGLARY, ARSON, EXTORTION), OR THE USE OF EXPLOSIVES. IF ELEMENTS OF THE CRIME COULD BE MET WITHOUT THE USE OF VIOLENT FORCE, THEN IT CANNOT QUALIFY AS A PREDICATE OFFENSE. SEE 1994 RECORDS. MORGAN WAS ONLY A DRIVER, NEVER USED VIOLENT OR PHYSICAL FORCE (S NOTE THE P.S.R. DOES NOT ACCURATELY REFLECT THE "DRIVER ONLY - CONDUCT WHICH MORGAN DID. ACCORDING TO THE 1994 JUVENILE ADJUDICATION RECORD - WHICH WAS NO VIOLENT OR PHYSICAL FORCE. See Id. AT 2293; 780 FED. APPX. 240. MATHIS V. U.S. 136 S.Ct. 2771, (2016). FOOTNOTES. 7) DESCAMPS PREVIOUSLY RECOGNIZED JUST THIS WAY OF DISCERNING WHETHER A STATUTORY LIST CONTAINS MEANS OR ELEMENTS. SEE 133 S.Ct. 2285, N.2. THE COURT THERE NOTED THAT INDICTMENTS, JURY INSTRUCTIONS, AND PLEA AGREEMENT WILL OFTEN "REFLECT THE CRIME'S ELEMENTS" AND SO CAN REVEAL IN SOME CASES BETTER THAN STATE LAW ITSELF - WHETHER A STATUTORY LIST IS OF ELEMENTS OR MEANS. Ibid.) ACCORDINGLY, WHEN STATE LAW DOES NOT RESOLVE THE MEANS - OR ELEMENTS QUESTIONS, COURT SHOULD RESORT TO THE STATE RECORD FOR HELP IN MAKING THAT DETERMINATION. SEE WELCH V. U.S. 136 S.Ct. 1257 (4/18/16), WELCH ROBBERY DID NOT QUALIFY AS AN ACCA PREDICATE. SEE, JOHNSON, 530 F. APPX. 528, 532-33 (6TH CIR. 2013) TENNESSEE ROBBERY DID NOT QUALIFY AS AN [ACCA PREDICATE]. SEE TODD CHAZEN V. MATTHEW MARSKE (NO. 18-C 68; 9/9/19) AT SENTENCING THE GOVERNMENT CONCEDED THAT BECAUSE CHAZEN'S TWO BURGLARY CONVICTIONS INVOLVED IN THE SAME COURSE OF CONDUCT - THEY SHOULD NOT BE COUNTED AS SEPARATE PREDICATE CONVICTIONS UNDER [ACCA]. SEE [U.S.S.G. §5G1.2 - SENTENCING ON MULTIPLE COUNTS]. FOR THESE REASON - MORGAN HAVE PROVEN THAT HE DOES NOT QUALIFY FOR [ACCA - SENTENCE ENHANCEMENT], PLEASE ALLOW THE [18 U.S.C. §.3553 (A) REFLECT: BASE OFFENSE LEVEL 14 & CRIMINAL HISTORY CATEGORY II = 18-24 MONTHS].

### PROOF OF SERVICE

THE UNDERSIGN CERTIFIES THIS DOCUMENT ON MARCH 19TH, 2020

PRO SE GEMAR MORGAN

PG. 17

THE DEFENCE COMES BEFORE THE COURT WITH NEW "RE·DISCOVER LOSSES". AS OF MARCH 7TH, 2020 MY MOTHER DIED FROM A HEART ATTACK. DURING THIS TIME MY MOTHER WAS CARING FOR MY TWIN 15 YEAR OLD DAUGHTERS, DUE TO THE LOSSES AND FINACIAL BURDEN I'VE ENCOUNTER DURING THE STRUGGLING CONDITIONS I ENCOUNTER DURING THE RECOVERY PROCEDURES FROM A SUCCESSFUL CAREER AS A PROFESSIONAL TRUCK DRIVER]. I WAS ORDER BY VARIOUS DOCTORS [NEURO SERGON LUCIA ZANATAMO; PAIN DOCTOR-DR. SHABWAMA; PSCHIATRIST DR. THOMAS PARKS; BALANCE & VISION THERAPY AND PHYSICAL THERAPY]. ALSO- I WAS DIAGNOIS WITH LUNG CANCER FROM UN- KNOWN DETECTION-DUE TO THE CURRENT TESTS AND EXAMS I HAVE STARTED AS OF MARCH 16TH 2020 THRU [MACKENZIE AND MC'CLAREN HOSPITALS]. ALSO I AM SUFFERING FROM [VARIOUS BRAIN, UPPER & LOWER SPINAL DAMAGES] THAT AFFECTS VARIOUS BODY PARTS & ORGAN. DUE TO THE LUNG FOCUS & ATTENTION-ALOT OF DIFFERENT MEDICAL TEAM IN THE [JAILS & PRISON] HAVE PLACED THE [BRAIN, UPPER & LOWER SPINAL DAMAGES ON THE BACK BURNER-UNTIL THEY CAN DETERMINE THE LUNG CANCER SOURCE AND TYPE]. DUE TO THE [FAILING HEALTH, DEPENDENT CARE THAT MY CHILDREN] ARE NOT RECEIVING DUE TO THE WORKER COMPENSATION] CLAIM BEING ON HOLD ACCORDING TO THE STATUS OF INCARCERATION, MY CHILDREN] ARE SUFFERING AND MAY FACE FOSTER CARE DUE TO MY MY MOTHER DEATH, ALSO DUE TO MY CHANCES OF BEING PARALYISED AND FACING DEATH, DUE TO THE LACK OF TREATMENT, THAT I HAVE ENCOUNTER WHILE

8

INCARCERATED], I ASK AND REQUEST A [COMPASSIONATE
RELEASE TO THE ASSISTED LIVING MEDICAL HOME THAT I
WAS ASSIGNED TO PRIOR TO BEING INCARCERATED ON
APRIL 9TH 2019. THE ASSISTED LIVING PROGRAM I AM ASSIGNED
IN ENSUERS THAT I HAVE MEDICAL TRANSPORTATION AND
ALL ASSISTANCE TO ALL DEPARTMENT OF HEALTH NEEDS AND
THERAPY TO PROPERLY RECOVER FROM MOST OF THE LIFE THREATENING
RISIS THAT I WAS JUST BECOMING AWARE OF AND BEING
ADMITTED TO WHILE I WAS BEGINNING VARIOUS RECOVERY TREAT-
MENT PROGRAMS WHILE I WAS IN THE ASSISTED LIVING PROGRAM].
DUE TO THE LIFE THREATING CRISIS THAT I AND MY CHILDREN
ARE SUFFERING DRAMATICALLY FROM. I ASK THAT THE DISTRICT
COURT HEAVILY CONSIDER THE [FATHER WHO DID EVERYTHING
UNDER THE SUN TO BE THE BEST EXAMPLE, PROVIDER, PROTECTER
AND HELPER FOR THIS COUNTRY, AMERICA ECONOMY, MY FAMILY,
FAMILIES IN AMERICA WHEN I PROVIDED PROFESSIONAL SERVICE
AS A TRUCK DRIVER, WHO PROVIDED GREAT SERVICE. I AM NOT
A CRIMINAL - COULD THE COURT CONSIDER ACCEPTING THAT
I AM A FATHER WHO PUT IN MY BEST & ALL TO EARN A
CAREER TO RAISE ALL MY CHILDREN & INSPIRE ALL THE
LIVES WHO I TOUCH WHILE DOING MY JOB] PLEASE ACCEPT
THIS REQUEST AND WITH THE RESPECT AS THO IT IS GOD'S
PLAN - PLEASE GRANT THE COMPASSIONATE RELEASE TO
AN ASSITED LIVING PROGRAM IN LIGHT OF [MEDICAL NEEDS].
SEE [U.S. V. ATHONY BUCCI, NO. 04-10194-WGY (9/16/2019). I HAVE A
TREMENDOUS IMPACT ON LIVES IN AMERICA; THIS IS FROM A
CAREER ORIENTED FATHER "GEMAR MORGAN"!

PCS CODE: IDR/SRE/PPH-ORH/OPP
TCS CODE: SRE/PPH

Approved, SCAO

| | | |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL CIRCUIT - FAMILY DIVISION<br>**INGHAM** COUNTY | ORDER AFTER DISPOSITIONAL REVIEW/<br>PERMANENCY PLANNING HEARING<br>(CHILD PROTECTIVE PROCEEDINGS)<br>ORDER 1 OF 6 | **CASE NO.:**  38832-3/4/5/6/7-NA<br>**PETITION NO.:** n/a |

Court address: 313 W. Kalamazoo Street, Lansing, MI 48933      Court telephone no.: (517) 483-6105

1. In the matter of:    **Prophet CHARLES, Angell, Jazmine & Jemaria MORGAN, Ebony Morse**

    name(s), alias(es), DOB(S): 08/03/2005, 11/272006, 08/17/2004, 08/17/2004, 08/19/2011

2. Date of hearing:   Tuesday, February 11, 2020      Judge/Referee:  ATTORNEY REFEREE PETER N. BROWN

                                                                          Bar no.

■ 3.  Removal date:    01/10/2019                      (specify for each child if different)

    Last permanency planning hearing date:    November 26, 2019       (specify for each child if different)

4. As of the last order, the child(ren) named above was/were in the protective/temporary custody of the court, and
☐ remained in the home. ☒ was/were placed with the department *Jazmine & Jemaria*

5.  Notice of hearing for the   ☒ review   ☐ permanency planning   ☐ combined review and permanency planning
    hearing was served as required by law.   ☐ Notice of proceedings is to be given as required by law.

☐ 6.  This hearing is being conducted under MCR 3.941(D)(2) for an Indian child who was removed from the home. The Indian
    child removal hearing ☐ was held with this hearing. ☐ was previously held. ☐ Is scheduled for _____

**THE COURT FINDS:**

7. The lawyer-guardian ad litem   ☒ has  ☐ has not   complied with the requirements of MCL 712A.17d.

8. ☒ a.  There is probable cause to believe the legal/putative father(s) is/are: **Gemar Morgan is the legal father of Prophet Charles, Angell,**
    (Name each child, his/her father, and whether legal or putative.) **Jazmine & Jemaria Morgan & Ebony Morse**

    ☐ b.  The putative father of _____ is unknown and cannot be identified.
    ☐ c.  The putative father was notified as required by law and failed to establish paternity within the time set by the court. The putative
         father waives all rights to further notice, including the right to notice of termination of parental rights and the right to an attorney.

9. The court has considered the case service plan and other evidence presented. The findings below are specific to this case and
    are based upon this hearing and   ☒ the following report(s):   Updated Service Plan   Date of Report: 1/31/20
                                                          identify report(s) and date(s) of report(s)

    Specific conditions reviewed on the record as required by MCL 712A.19(6) were

    a.  compliance with the case service plan with respect to services provided or offered to the child and his or her parent(s), guardian,
        or legal custodian and whether the parent(s), guardian, or legal custodian complied with and benefited from those services.
    b.  compliance with the case service plan with respect to parenting time with the child and whether parenting time did not occur
        or was infrequent and the reasons why.
    c.  the extent to which the parent(s), guardian, or legal custodian complied with each provision of the case service plan, prior court
        orders, and any agreement between the parent(s), guardian, or legal custodian and the agency.
    d.  likely harm to the child if the child continued to be separated from his or her parent(s), guardian, or legal custodian.
    e.  likely harm to the child if the child was returned to his or her parent(s), guardian, or legal custodian.

Note: If it comes to the court's attention or new allegations are made during this hearing that require the removal of the child(ren), removal must be done in
accordance with MCR 3.974.

☐ See Additional pages.

| | |
|---|---|
| **Use Note:** Do not use this form for review or<br>permanency planning hearings after termination.<br>Use form JC 76 instead.<br><br>**Reference Note:** The term "department" refers to<br>the Department of Health and Human Services. | Do not write below this line – For court use only |

MCL 712A. 17d(1)(c), MCL 712A.18f, MCL 712A.19, MCL 712A.19a
MCL 712A.20, MCR3.002
MCR 3.921(C), MCR 3.974(A)(3), MCR 3.975, MCR 3.976(B)(1), MCR 3.979

JC 19  (12/17)  **ORDER AFTER DISPOSITIONAL REVIEW/PERMANENCY PLANNING HEARING**
                        **(CHILD PROTECTIVE PROCEEDINGS)**

SAMPLE                    SAMPLE                    SAMPLE

## ADDENDUM

NAME: GEMAR MORGAN
DOCKET NO.: 2:19-mj-30177 & 2:19-cr-20259
DATE: 11/19/20

Controverted Item # 2Q

Page # 5,6 & 7         Paragraph # 19-22 & 30         Line(s) 19-22 & 30

Section I:   **Defendant's Position:** DESCAMPS V. U.S, 133 S. CT. 2276, 2281 (2013) - CERTAIN PENAL LAWS

THAT THE SUPREME COURT CALLS "DIVISIBLE" OFFENSES BECAUSE THEY SET OUT ONE OR MORE ELEMENTS OF THE OFFENSE, IN
"THE ALTERNATIVE". DESCAMPS, 133 S. CT. 2281, WHEN A STATUTE" LISTS POTENTIAL OFFENSE ELEMENTS IN THE ALTERNATIVE, "IT RENDERS
VAGUE ELEMENT PLAYED A PART IN DEFENDANT'S PRIOR CONVICTION. THE CONTENTION THAT THE CHARGING STATUTE ALLOWED
CONVICTION UNDER STRICT LIABILITY STANDARD WITHOUT A REQUIRED KNOWLEDGE OR INTENT AND WAS VAGUE & OVERLY
BROAD; AND 3) THE ARMED CAREER CRIMINAL PUNISHMENT WAS EXCESSIVE & A VIOLATION OF HIS 8TH AMENDMENT UNDER
SPECIFIC & PARTICULAR FACTS OF 18 U.S.C § 3553 (F) (1) (A). SEE U.S. V. MITCHELL, 743 F. 3d 1054, 1060-67 (8TH CIR. 2014) CONV
ON UNDER TENNESSEE ROBBERY STATUTES ARE CATEGORICALLY, NOT VIOLENT UNDER THE RESIDUAL CLAUSE). U.S. V. JOHNSON,
OF, APPX. 528, 532-33 (6TH CIR. 2013) (CONVICTIONS UNDER TENNESSEE ROBBERY ARE NOT CATEGORICALLY VIOLENT FELONIES
UNDER THE ENUMERATE ELEMENTS OF BURGLARY, ARSON, EXTORTION, USE OF EXPLOSIVES AND CANNOT QUALIFY AS AN ACCA
PREDICATE. SEE TODD CHAZEN V. MATTHEW MARSKE, 18-3268 (9/9/19) AT SENTENCING, THE GOVERMENT CONCEDED THAT
BECAUSE CHAZEN TWO BURGARY CONVICTIONS INVOLVED THE SAME COURSE OF CONDUCT THEY SHOULD NOT BE
COUNTED AS
SEPARATE        PRO SE Gemar Morgan
                                                  _____
                Counsel's Signature                    Defendant's Signature
PREDICATE CONVICTIONS UNDER [ACCA]. SEE MORGAN'S 1994 PROBATION ORDER WHICH WAS THE SAME COURSE
OF CONDUCT, ON THE SAME JUVENILE ADJUDICATION ORDER, AND RECIVED O CRIMINAL HISTORY POINTS,
AND THE JUVENILE ADJUDICATION CANNOT QUALIFY AS AN ACCA PREDICATE - BECAUSE IT WAS NO VIOLENT
U.S PHYSICAL FORCE, AND THE OFFENSE WAS NOT BURGLARY, ARSON, EXTORTION, OR USE OF EXPLOSIVES. ALSO
SEE U.S.S.G. § 5G 1.2 - SENTENCING ON MULTIPLE COUNTS IS A CONSOLIDATED PROCEEDING. PLEASE REMOVE ACCA FROM P.S.R.

Section II:   **Probation Department's Position:**

_____
U.S. Probation Officer

6

Order After Dispositional Review/Permanency Planning Hearing  (12/17) Page _2_ of _6_

Order ____ of ____

CASE NO.:  38832-3/4/5/6/7-NA

PETITION NO.: n/a

☐ 10.  Returning the child(ren) to the parent(s), guardian or legal custodian ____ ☐ would  ☐ would not ____ cause a substantial
risk of harm to the child(ren)'s life, physical health, or mental well-being.

☐ 11.  The child(ren) should not be returned to the parent(s), guardian or legal custodian.  (State reasons for a. or b. in the space below.)
    ☐ a. The agency ☐ should ☐ should not initiate proceedings to terminate the parental rights to the child(ren) because:
    ☐ b. The child has been in foster care for 15 months of the most recent 22 months, and the agency
        ☐ should initiate proceedings to terminate the parental rights to the child(ren).
        ☐ should not initiate proceedings to terminate the parental rights to the child(ren) for the following compelling reasons:

■ 12.  a.  Reasonable efforts ☒ were  ☐ were not  made to preserve and reunify the family to make it possible for the
_MAN MAN_
child(ren) to safely return to the child(ren)'s home.  (Specify reasonable efforts below, and if applicable, the reasons for return)
    ☒ 1)  Reasonable efforts for reunification should be continued.    _M-MAS-2/19_
    ☒ 2)  Those reasonable efforts were successful and the child(ren) should be released to _MUTUAL_  _F-MAY 4/69_

Name(s) of parent(s), guardian, or legal custodian    _PROPHET, ANGEL & EBONY_
The reasonable efforts include: (specify)    _PLACED WITH MOTHER - DOING WELL_
Updated Service Plan Dated: _1/31/20_    _JAZMINE & JEMARIA WITH_
    _PATERNAL GRANDMOTHER_

_MOM COUNSELING WITH WELLNESS COUNSELING_
_CENTER, PARENTING TIME_
_FAMILY REUNIFICATION PROGRAM COMPLETED 1/15/20_

_GEMAR NOT PARTICIPATING_
_JAZMINE & JEMARIA DOING WELL, SCHOOL_

    ☐ b.  Reasonable efforts to preserve and reunify the family to make it possible for the child(ren) to safely return to the child(ren)'s
home are not required based on a prior order.

■ 13.  Progress toward alleviating or mitigating the conditions that caused the child(ren) to be placed or to remain in temporary foster
care ☒ was  ☐ was not  made in accordance with MCL 712A.19(7).

14.  The child(ren)'s continued placement ☒ is necessary and appropriate and is meeting the child(ren)s needs.
    ☐ is no longer necessary or appropriate.

☐ 15.  The child(ren) is/are Indian as defined in MCR 3.002(12), and placement ____ ☐ remains  ☐ does not remain
appropriate and  ☐ does ☐ does not  Comply with MCR 3.967(F).

f Order After Dispositional Review/Permanency Planning Hearing (12/17) Page __3__ of __6__

Order ____ of ____

| | |
|---|---|
| CASE NO.: | 38832-3/4/5/6/7-NA |
| PETITION NO.: | n/a |

16. The child(ren) is/are Indian and the court finds that active efforts ☐ have ☐ have not ___ been made to provide remedial services and rehabilitative programs designed to prevent the break up of the Indian family.

■ 17. *Reasonable efforts ☑ have ☐ have not been made to finalize the court-approved permanency plan of
 ☐ a. return to the parent for the child(ren) named  *PROPHET, ANGELL & EBON V*
 ☑ b. adoption for the child(ren) named  ___ *MONTON* ___
 ☑ c. legal guardianship for the child(ren) named  *JAZMINE & JEMIMAH* ___
 ☐ d. placement with a fit and willing relative for the child(ren) named ___
 ☐ e. ☐ i.  placement in another planned permanent living arrangement (APPLA) for the child(ren) age 16 or older named ___

 due to compelling reasons that (Specify the compelling reasons for another planned permanent living arrangement by entering the language that corresponds to the number[s] from the list on the last page.)

The reasonable efforts made to finalize the court-approved permanency plan identified above include:
(Specify the permanency plan for each child and the reasonable efforts made toward finalizing that plan)
Updated Service Plan Dated: ___

 *SEE HP12*

 ☐ Because adoption is the court-approved permanency plan, the department shall be ordered to initiate proceedings to terminate parental rights.

☐ 18. The permanency planning goal in item 17 ☐ is appropriate. ☐ is no longer appropriate and shall be:
 ___

☐ 19. The appointment of a juvenile guardian is in the best interest of the child(ren) named above in item 17.c. ☐ The court has received and considered the information required by MCR 3.979(A)(1), and the proposed guardian should be appointed.

☐ 20. The department, foster home, or institutional placement ☐ has ☐ has not  followed the reasonable prudent parenting standard that the child(ren) has/have regular opportunities to engage in age or developmentally appropriate activities.

☐ 21. ☐ a. All siblings are in joint placement.
 ☐ b. All siblings are not in joint placement because:



 Sibling contact ☐ is occurring according to law. ☐ is not occurring because (see item 31 to order sibling contact):


☐ 22. Parenting time with ___ , even if supervised, may be harmful to the child(ren).

☐ 23. A juvenile guardian was appointed and jurisdiction over ___ under MCL712A.2(b) should be terminated.  (This finding is considered at the first review hearing after the appointment.)

☐ 24. A juvenile guardianship for ___ was revoked under MCR3.979(F), and this hearing is held under MCR3.979(F)(7).

NOTE: * MCL 712A.19a provides that these reasonable efforts findings must be made within 12 months from when the child was removed from his/her home and every 12 months thereafter.

Order After Dispositional Review/Permanency Planning Hearing (12/17) Page __4__ of __6__

CASE NO.: 38832-3/4/5/6/7-NA
PETITION NO.: 19 ___ n/a ___

Order ____ of ____

**IT IS ORDERED:**

☐ 25. Notice is to be given to the legal/putative father(s) as required by law. ☐ The father was not present and must appear at the next hearing. ☐ The putative father was present at this hearing and shall establish paternity within 14 days.

■ 26. The child(ren) is/are continued in the protective/temporary custody of this court, and (Check only a, b, c, or d.)

    ■ a.   **Jazmine & Jemaria** is/are placed with the department for care and supervision, and

        1) the parent, guardian, or legal custodian shall execute all documents necessary to release confidential information regarding the child(ren) including medical, mental, and educational reports, and shall also, within 7 days, provide the department with the name(s) and address(es) of the medical provider(s) for the child(ren). Any medical provider of the child(ren) shall release the medical records of the child(ren) to the department.

        2) if a home study has not yet been completed, then one shall be performed by the department and a copy of the home study submitted to the court not more than 30 days after the placement.

        3) upon request, the department shall release to the foster parent the information concerning the child(ren) in accordance with MCL 712A.13a(15).

    ■ b.   **Prophet, Angell & Ebony** remain home with or is/are released to ___ mother ___ ~~under the supervision of the department.~~ ☐ The following terms and conditions apply to the parent(s), guardian/legal custodian:

    ☐ c.   the current placement with the department shall continue. The department shall:

        1) conduct a criminal record check and central registry clearance of the residents of the home of the proposed juvenile guardian and submit the results to the court within 7 days.

        2) perform a home study with a copy submitted to the court within 28 days, unless a home study has been performed within the immediately preceding 365 days of this order, in which case, a copy of that home study shall be submitted to the court.

    ☐ d.   placed under guardianship under MCR 3.979(B). (See separate order, form JC91.)

☐ 27.

While the child(ren) is/are placed out of the home, the friend of the court shall redirect current support due on behalf of the child(ren) to the person with whom the child(ren) is/are placed as long as that person is not receiving foster care maintenance payments. Unpaid child support that charged during the unfunded placement shall also be redirected unless otherwise assigned.

☐ 28. The department shall comply with MCR 3.967(F).

☐ 29. The department shall initiate proceedings to terminate parental rights to the child(ren) no later than 28 days from the date of this hearing.

☐ 30. ☐ a. The parent(s), guardian, or legal custodian shall comply with, and benefit from, the case service plan. ☐ In addition,
    ☐ b. The parent(s) need not comply with, and benefit from, the case service plan because parental rights were released pursuant to the adoption code.
    ☐ c. The parent(s) need not comply with, and benefit from, the case service plan because jurisdiction of the court is terminated.

☐ 31.   Sibling contact shall be as follows:

☐ 32.   ☐ a. Parenting time of _____ is
        ☐ unsupervised   ☐ supervised until further order of the court.
        ☐ The department has discretion to allow unsupervised or supervised parenting time by its designee.
    ☐ b. Parenting time of _____ is
        ☐ unsupervised   ☐ supervised until further order of the court.
        ☐ The department has discretion to allow unsupervised or supervised parenting time by its designee.
    ☐ c. Parenting time of _____ is
        ☐ unsupervised   ☐ supervised until further order of the court.
        ☐ The department has discretion to allow unsupervised or supervised parenting time by its designee.
    ☐ d.

Order After Dispositional Review/Permanency Planning Hearing (12/17) Page __5__ of __6__

Order ___ of ____

CASE NO.: 38832-3/4/5/6/7-NA
PETITION NO.: n/a

*AS TO PROPHET, ANVELL, & EBONY*

**IT IS ORDERED: (continued)**

☒ 33   Jurisdiction of this court is terminated. The court reserves the right to enforce payments of reimbursement that have accrued up to and including the date of this order. The child(ren) is/are released to  *MOTHER*

34.   Previous reimbursement orders shall continue.

☐ 35.   Other:  (Attach separate sheets as necessary.)

36.   Prior orders remain in effect except as modified by this order.

☒ 37.   Review hearings shall be held as follows: before ☐Judge LAURA BAIRD   ☒Attorney Referee   ☐Chief Referee
(NOTE: The review hearing shall not be delayed beyond the number of days required regardless of whether a petition to terminate parental rights or another matter is pending. MCL 712A.19a provides that the permanency planning hearing shall not be delayed beyond 12 months from the date of removal of the child and every 12 months thereafter.)
☒ dispositional review hearing   4/21/20  10:00 AM   ☐ permanency planning hearing
☐ dispositional review hearing to terminate jurisdiction under MCR 3.97(C)
The supervising agency shall provide documentation of progress relating to all aspects of the last court-ordered treatment plan, including copies of evaluations and therapy reports and verification of parenting time, not later than 5 business days before the scheduled hearing.

☐ 38.   A hearing to appoint the juvenile guardian under MCR 3.979(B), shall be held

39.   ☐   Notice of the next hearing has been provided as required by law.       ☐ Notice of the next hearing shall be provided.

Recommended by: _____   2/11/20
Referee signature   Date

FEB 1 2 2020
Date                                          Judge LAURA BAIRD

**The following list are examples of compelling reasons for a permanency plan other than return to parent, legal guardianship, placement with a fit and willing relative, or adoption.**
1.   No relative has been identified who is appropriate or available to assume the permanent custody of the child.
2.   The current caregiver is not an adoptive resource.
3.   Reasonable efforts to recruit an adoptive home have been unsuccessful.
4.   The child does not want to be adopted and is of an age where due consideration must be given to his/her wishes.
5.   It is contrary to the child's best interests to break the child's attachment to the current caregivers.
6.   The current caregiver is committed to providing a permanent placement for the child.
7.   The placement allows the siblings to remain together.
8.   The child's special needs can best be met in this placement.
9.   The child wants to remain in the current placement, which is only available as foster care.
10.   The placement is preparing the child for transition into independent living (specify the services being provided to the child to assist with transition such as referral to an independent living skills program, enrollment in a vocational program, referral for a mentor, continued out-of-home placement in foster care beyond age 18 to allow the child to complete secondary school, placement in a resource that provides on-site training for independent living, and other similar services).
11.   The child comes under the Indian Child Welfare Act and Michigan Indian Family Preservation Aid, and the child's tribe recommends permanent placement in long-term foster care.
12.   Other (specify in the findings in item 17e).

Order After Dispositional Review/Permanency Planning Hearing (12/17) Page __6__ of __6__
Order ____ of ____

CASE NO.:   38832-3/4/5/6/7-NA
PETITION NO.: n/a

Copies:
☐ Chastity Morse, Mother/Plcmt. "3,4 & 7"
☐ Gemar Morgan, Father
☐ Brian T. Richards, Atty./Mother
☐ Mary Addison, Atty./Father
☐ Michael Staake, Lawyer/GAL
☐ Amy North, FCW/Ennis Center for Children
☐ MDHHS
☐ APA
☐ Placement "5 & 6"

NOTICE

You have the right to participate at the next hearing. Any written information which you wish to have considered by the Court must be submitted in advance to the Court, the agency and the attorneys seven (7) days before the hearing. The court may exclude any exhibit unless good cause is shown. Costs may be assessed if the case service plan is not served seven (7) days before the hearing. In the case of a Permanency Planning Hearing, proceedings may result in termination of your parental rights.



Metroplex MI 480 ZIP
THU 19 MAR 2020PM

3/19/20 DC

RECEIVED
MAR 2 4 2020
CLERKS OFFICE
U.S. DISTRICT COURT

THIS MAIL ORIGINATED
FROM THE
SANILAC COUNTY JAIL.

GEMAR MORGAN
SANILAC COUNTY JAIL #28827
65 N. ELK
SANDUSKY, MI 48471

MR. DAVID J WEAVER, CLERK
UNITED STATES DISTRICT COURT
231 W. LAFAYETTE BLVD., 5TH FLOOR
DETROIT, MI 48226

U.S. MARSHALS