UNITED STATES DISTRICT COURT IN THE
EASTERN DISTRICT OF MICHIGAN

UNITED STATES

CASE NO.: 2:19-mj-30177
2:19-cr-20259

V.

PRO SE        JUDGE: DAVID LAWSON
GEMAR MORGAN

THE DEFENCE REQUEST THAT THE CLERK
OF THE COURT FILE THIS MOTION IN
A TIMELY FASHION

I, GEMAR MORGAN, CERTIFY A TRUE COPY OF THIS
MOTION WAS DEPOSITED IN THE INSTITUTIONAL
MAIL ON THE 5TH DAY OF MARCH 2021

RESPECTFULLY
SUBMITTED,
[signature]
3/05/2021

UNITED STATES DISTRICT COURT IN THE
EASTERN DISTRICT OF MICHIGAN

| UNITED STATES | 2:19-mj-30177 |
|---|---|
| | CASE NO.: 2:19-cr-20259 |
| V. | JUDGE: DAVID LAWSON |
| PRO SE GEMAR MORGAN | |

MOTION IS TO NOTIFY THE COURT ABOUT THE UNITED STATES SENTENCING COMMISSION POLICIES AND PROCEDURES - THAT HAVE BEEN VIOLATED BY THE PROBATION DEPARTMENT

CONGRESS CREATED THE "U.S.S.C." AS AN "INDEPENDENT BODY" CHARGED [] WITH THE TASK OF ESTABLISHING SENTENCING POLICIES AND PROCEDURES FOR THE FEDERAL CRIMINAL JUSTICE SYSTEM. STINSON V. U.S., 508 U.S. 36, 40-41 (1993). THE COMMISSION FULFILLS ITS PURPOSES BY ISSUING THE POLICIES, WHICH PROVIDE DIRECTION TO JUDGES ABOUT THE TYPE AND LENGTH OF SENTENCES TO IMPOSE IN A GIVEN CASE. ID AT 41. THE COMMISSION THUS EXERCISES A "SIZABLE PIECE" OF THE ULTIMATE GOVERNMENTAL POWER, SHORT OF CAPITAL PUNISHMENT"- THE POWER TO TAKE AWAY SOMEONE'S LIBERTY. U.S. V. WINSTEAD, 890 F.3d 1082, 1092, 435 U.S. APP. D.C. 395 (2018). THAT POWER IS ORDINARILY LEFT TO TWO BRANCHES OF GOVERNMENT - FIRST TO THE LEGISLATIVE, WHICH CREATES A RANGE OF STATUTORY PENALTIES FOR EACH CRIME, AND THEN TO JUDGES, WHO SENTENCE DEFENDANTS WITHIN THE STATUTORY FRAMEWORK. BUT THE COMMISSION FALLS SQUARELY IN NEITHER, IT IS "AN UNUSUAL HYBRID IN STRUCTURE AND AUTHORITY", ENTAILING ELEMENTS OF BOTH QUASI-LEGISLATIVE AND QUASI-JUDICIAL POWER. MISTRETTA V. U.S., 488 U.S. 361, 412 (1989). IN MISTRETTA, THE SUPREME COURT EXPLAINED HOW THE COMMISSION FUNCTIONS IN THIS DUAL ROLE WITHOUT DISRUPTING THE BALANCE OF AUTHORITY IN OUR CONSTITUTIONAL STRUCTURE. ALTHOUGH THE COMMISSION IS NOMINALLY A PART OF THE JUDICIAL BRANCH IT REMAINS "FULLY ACCOUNTABLE TO CONGRESS", WHICH REVIEWS EACH POLICY BEFORE IT TAKES EFFECT. ID AT 393-94; SEE ALSO 28 U.S.C. §994(p). THE RULEMAKING OF THE COMMISSION, MOREOVER, "IS SUBJECT TO THE NOTICE AND COMMENT REQUIREMENTS OF THE ADMINISTRATIVE ACT". ID AT 394; SEE 28 U.S.C. §994(x). THESE TWO CONSTRAINTS

CONGRESSIONAL REVIEW AND NOTICE AND COMMENT STAND TO SAFEGUARD THE COMMISSION FROM UNITING LEGISLATIVE AND JUDICIAL AUTHORITY IN VIOLATION OF THE SEPARATION OF POWERS. THE FOLLOWING POLICIES WAS DISREGARDED AND VIOLATED BY THE PROBATION DEPARTMENT "CH.4 - CRIMINAL HISTORY §4A1.2 - DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY (C) SENTENCES COUNTED AND EXCLUDED". THE ANNOTATED 2018 CH.4 U.S.S.C., PG. 15 OF 42, #7. OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN - SECTION 4A1.2(d) COVER OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN. ATTEMPTING TO COUNT EVERY JUVENILE ADJUDICATION WOULD HAVE THE POTENTIAL FOR CREATING LARGE DISPARITIES DUE TO THE DIFFERENTIAL AVAILABILITY OF RECORDS. THEREFORE, FOR OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN, ONLY THOSE THAT RESULTED IN AN ADULT SENTENCE OF IMPRISONMENT EXCEEDING ONE YEAR AND ONE MONTH, OR RESULTED IN IMPOSITION OF AN ADULT OR JUVENILE SENTENCE OR RELEASE FROM CONFINEMENT ON THAT SENTENCE WITHIN FIVE YEARS OF THE DEFENDANT'S COMMENCEMENT OF THE INSTANT OFFENSE ARE COUNTED. TO AVOID DISPARITIES FROM JURISDICTION TO JURISDICTION IN THE AGE WHICH A DEFENDANT IS CONSIDERED A "JUVENILE", THIS PROVISION APPLIES TO ALL OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN. ON PG. 7-9, PARAGRAPH 36-38 OF THE P.S.R.- WILL ILLUSTRATE - THAT MR. MORGAN WAS 16 YRS. OLD, ON 7/08/94 - WHICH RESULTED TO BEING A "JUVENILE ADJUDICATION" THAT IS NOT "AN ADULT SENTENCE OF IMPRISONMENT EXCEEDING ONE YEAR AND ONE MONTH" - THAT THE POLICY INSTRUCT IN THE ABOVE TEXT. JUST AS CH.4 CRIMINAL HISTORY ENFORCE THE POLICY FOR "DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY" - THE PROBATION OFFICER IS OBLIGATED TO DO AS THE POLICY COMMAND. INSTEAD THE PROBATION OFFICER DISREGARED THE COMMANDS OF THE POLICY FOR "DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY" - BY "MODIFING, CHANGING, REPLACING AND ADDING" WORDS TO AN APPLICATION NOTE" - SEE PG. 6, PARAGRAPH 22 OF THE P.S.R. WHICH CITES THE PROBATION OFFICER "MODIFIED" VERSION OF §4B1.4 APPLICATION NOTE 1 - WHICH SAYS: PREDICATE CONVICTIONS ARE TREATED AS SEPARATE IF THEY WERE "COMMITTED ON OCCASIONS DIFFERENT FROM ONE ANOTHER," REGARDLESS OF WHETHER THEY WERE CONSOLIDATED FOR TRIAL OR SENTENCING". THIS IS THE RESULT OF A PROBATION OFFICER "TATICS, SCHEME AND ABUSES OF POWER" - WHEN THE POLICY INSTRUCTIONS ARE VIOLATED BY THE PROBATION DEPARTMENT. THE SUPREME COURT TELLS US BECAUSE COMMENTARY HAS NO INDEPENDENT LEGAL FORCE - IT SERVES ONLY TO INTERPRET THE POLICIES AND PROCEDURES, NOT TO REPLACE, CHANGE, ADD OR MODIFY THE

TEXT - SEE STINSON, 508 U.S. AT 44-46; AS IN ROLLINS, 836 F.3d 737, 742 (7TH CIR 2016)(EN BANC)("THE APPLICATION NOTES ARE INTERPRETATIONS OF, NOT ADDITIONS TO THE POLICY TERMINOLOGY"). THUS, WE NEED NOT ACCEPT AN INTERPRETATION THAT IS "PLAINLY ERRONEOUS OR INCONSISTENT WITH THE POLICY." ID. AT 45. THE DEFENCE WILL PROVIDE AN APPLICATION NOTE FROM §4B1.4 - THAT WARNED THE PROBATION OFFICER TO FOLLOW THE COMMANDS OF "CH.4 - CRIMINAL HISTORY §4A1.2 - DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY (c) SENTENCES COUNTED AND EXCLUDED" - WHICH THE "U.S.S.C" HAS THE ANNOTATED 2018 CH.4, PG.150 F42, #7. OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN) - THAT INCLUDE "ONLY THOSE OFFENSES THAT RESULTED IN AN ADULT SENTENCE OF IMPRISONMENT EXCEEDING ONE YEAR AND ONE MONTH" AND ALSO INCLUDE "THIS PROVISION APPLIES TO ALL OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN". THESE ARE THE POLICIES THAT "CONGRESS AND THE U.S.S.C" CONSTITUTED - WHICH POSITION THE PROBATION DEPARTMENT TO DO AS THE POLICY COMMAND - NOT WHAT A PROBATION OFFICER MODIFIES, REPLACE AND ADD TO IN THE MANNER TO IMPOSE AN UNCONSTITUTIONAL SENTENCE. THE SUPREME COURT STATES: INNUMERABLE CRIMINAL DEFENDANTS HAVE BEEN UNCONSTITUTIONALLY SENTENCED UNDER THE FLAWED RULE OF ALMENDAREZ-TORRES, DESPITE THE FUNDAMENTAL IMPERATIVE THAT THE COURT MAINTAIN IN ABSOLUTE FIDELITY TO THE PROTECTIONS OF THE INDIVIDUAL AFFORDED BY NOTICE, TRIAL BY JURY AND BEYOND A REASONABLE DOUBT REQUIREMENTS. SEE SHEPHARD 544 U.S. 28 AND 536 U.S. 545. IN THE SENTENCE MEMORANDUM "ECF NO. 111 & 125" - THE DEFENCE HAVE NOTIFIED THE COURT THE FOLLOWING VIOLATIONS THAT THE PROBATION ARE "UNCONSTITUTIONALLY" SEEKING TO IMPOSE: ON PG 19 OF ECF 111 - THE DEFENCE ILLUSTRATE THE CORRECT VERSION OF §4B1.4 APPLICATION NOTE 1 - COMPARED TO THE PROBATION OFFICER "MODIFIED VERSION OF §4B1.4 APPLICATION NOTE 1" - WHICH HAS NO LEGAL FORCE TO OVER-RIDE - THE COMMISSION PURPOSE TO CONSTITUTE "CH.4 - CRIMINAL HISTORY" POLICIES AND INSTRUCTIONS; ALSO ECF 111 & 125 ILLUSTRATE HOW THE P.S.R. IS A PREJUDICE VIOLATION OF THE 5TH AND 6TH AMENDMENT, A VIOLATION OF THE "FEDERAL RULES OF CRIMINAL PROCEDURES

RULE 7" - WHICH COMMANDS THE LEGAL WAY TO "CHARGE, CONVICT, AND SENTENCE" AN INDIVIDUAL FOR THE VIOLATION OF A "UNITED STATE CODE". THE UNITED STATES SENTENCING COMMISSION CONSTITUTED "CHAPTER 4 - CRIMINAL HISTORY, §4A1.2 DEFINITIONS AND INSTRUCTIONS FOR COMPUTING CRIMINAL HISTORY (c) SENTENCES COUNTED AND EXCLUDED" AND "THE ANNOTATED 2018 CH. 4, PG 15 OF 42, #7. OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN" - WHICH IS CITED THRU OUT THIS MOTION. ACCORDING TO THE POLICY - THE TERM "EXCLUDED" - IS DIRECTED TOWARDS "ALL OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN" - WHERE AS THE PROBATION DEPARTMENT ARE "USING" INSTEAD OF "EXCLUDING" THE 7/08/1994 JUVENILE ADJUDICATION - WHEN MR. MORGAN WAS 16 YRS. OLD - AND THIS WAS NOT AN ADULT SENTENCE EXCEEDING ONE YEAR AND ONE MONTH OF IMPRISONMENT. THE COMMISSION INSTRUCTION IS TO "EXCLUDE" ALL OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN. ALSO, §4B1.4 APPLICATION NOTE STATES: "IT IS TO BE NOTED THAT THE PROCEDURAL STEPS RELATIVE TO THE IMPOSITION OF AN ENHANCED SENTENCE UNDER 18 U.S.C. §924(e) ARE NOT SET FORTH BY STATUTE" - THIS ALONE IS PROOF THAT THE PROBATION DEPARTMENT MUST ABIDE ACCORDING TO THE POLICY & INSTRUCTION FOR CH. 4 CRIMINAL HISTORY. ONCE THE PROBATION OFFICER FOLLOW THE "U.S.S.C. POLICES AND INSTRUCTIONS" WITHOUT INJECTING IT'S UNCONSTITUTIONAL HABITS AND PRACTICES - THE DEFENCE REQUEST THAT THE UNITED STATES SENTENCING POLICIES AND INSTRUCTIONS CORRECT THE ERRORS THAT THE PROBATION OFFICER HAVE ADOPTED AS IT'S ETHICS OF CONDUCT. ONCE AGAIN THE PROBATION ARE SCHEMING TO "MANIPULATE" "USING" A JUVENILE ADJUDICATION - THAT WAS COMMITTED PRIOR TO AGE EIGHTEEN - WHICH THE COMMISSION POLICY AND INSTRUCTION COMMAND: "ALL OFFENSES COMMITTED PRIOR TO AGE EIGHTEEN" IS TO BE "EXCLUDED". THE DEFENCE REQUEST THAT THE COURT HONOR THE POLICY AND INSTRUCTION THAT THE "U.S.S.C" CONSTITUTED BY GRANTING THIS MOTION - AND - REJECTING ALL UNCONSTITUTIONAL TACTICS, ABUSES, AND SCHEMES THAT THE PROBATION OFFICER FAIL TO HAVE LEGAL REASONINGS FOR NOT FOLLOWING THE COMMANDS IN THE POLICIES THAT THE U.S.S.C CONSTITUTED. THE POLICY AND INSTRUCTION WHICH THE COMMISSION CONSTITUTED FOR MORGAN §922(g) BASE OFFENSE LEVEL IS "14" - WITH A CRIMINAL HISTORY CATEGORY OF "II" - WHICH IS "3-POINT" - THE ACTUAL GUIDELINE IS "18 MO. - 24 MO." MORGAN HAS BEEN IN CUSTODY FOR 24 MO. WHICH CONSTITUTE "TIME SERVE"!

RESPECTFULLY SUBMITTED,

X _Jesse Morgan_

3/5/21

GEMAR MORGAN
E.D.C-MILAN #40722-039
P.O. Box 1000
MILAN, MI 48160

METROPLEX MI 480
24 MAR 2021 PM 17 L

48226-279426

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
CLERK OF THE COURT
231 W. LAFAYETTE BLVD.
DETROIT, MICH. 48226

RECEIVED
APR 05 2021
CLERK'S OFFICE
U.S. DISTRICT COURT