UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                       CRIMINAL NO. 19-CR-20259

    v.                              HON. DAVID M. LAWSON

GEMAR KINTE MORGAN,

    Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO NOTIFY THE COURT ABOUT THE UNITED STATES SENTENCING COMMISSION POLICIES AND PROCEDURES THAT HAVE BEEN VIOLATED BY THE PROBATION DEPARTMENT [130]**

The United States of America, by its undersigned counsel, submits the following response to Defendant Gemar Morgan's Motion to Notify the Court About the United States Sentencing Commission Policies and Procedures That Have Been Violated by the Probation Department.

## I. INTRODUCTION

Defendant Gemar Morgan has filed a pro se Motion to Notify the Court About the United States Sentencing Commission Policies and Procedures That Have Been Violated by the Probation Department. [ECF No. 130]. The defendant's motion is largely duplicative of a prior motion filed by the defendant that remains pending.

[ECF No. 127]. Therefore, the Government's response will likewise be familiar. The Defendant here argues that the Probation Officer engaged in "schemes, violations, and abuses," presumably referring to paragraph 22 of the Presentence Report. [ECF No. 130, PageID. 857]. However, the Presentence Report accurately states the law pertaining to convictions that qualify as ACCA predicates and this motion should be denied.

## II. STANDARD OF LAW

A person qualifies as an armed career criminal if, at the time he violates 18 U.S.C. § 922(g), he "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another . . . ." 18 U.S.C. § 924(e)(1). An individual who is found to be an armed career criminal is subject to a mandatory minimum sentence of not less than fifteen years in custody. *Id.* A violent felony is "any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult that has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Futher, "the term conviction includes a finding that a person has committed an act of juvenile delinquency involving a violent felony." 18 U.S.C. §

924(e)(2)(C). "[T]he use of procedurally sound juvenile adjudications as ACCA predicates does not violate due process." *United States v. Crowell*, 493 F.3d 744, 750 (6th Cir. 2007).

[T]o trigger a sentence enhancement under the ACCA, a defendant's prior felony convictions must involve separate criminal episodes." *United States v. Martin*, 526 F.3d 926, 938 (6th Cir. 2008) (citations omitted). "[O]fenses are considered distinct criminal episodes if they 'occurred on occasions different from one another.'" *Id.* (quoting *United States v. Roach*, 958 F.2d 679, 684 (6th Cir. 1992)). "Two offenses are committed on occasions different from one another if it is possible to discern the point at which the first offense is completed and the second offense begins." *Id.* (citations omitted). "Furthermore, the relevant factor for determining the number of predicate offenses under the ACCA is not the date of conviction for those predicate offenses, but the date that the defendant committed the offense for which he is subsequently convicted." *Id.* at 939. In *Martin*, the Sixth Circuit found that the defendant's four felony drug convictions arose from separate criminal episodes as they occurred several days apart. The Court determined that it was irrelevant that the "offenses were charged in one indictment and consolidated for plea purposes" and irrelevant that the "sentences on these convictions ran concurrently." *Id.* at 940.

### III. ARGUMENT

In this case, the defendant has been convicted of at least three predicate violent felonies for purposes of the ACCA. In aruguing otherwise, the defendant relies upon U.S. Sent'g Guidelines Manual §4A1.2. However, this section applies to the computation of a defendant's criminal history and not the determination as to whether a defendant is an Armed Career Criminal. Instead, §4B1.4 governs this analysis. The commentary to §4B1.4 is clear that the time periods for the counting of prior sentences under §4A1.2 are not "applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e)." U.S. Sent'g Guidelines Manual § 4B1.4, application note 1. §4B1.4 is consistent with 18 U.S.C. § 924(e) in that there are no date restrictions on the juvenile convictions that can be used as valid ACCA predicates.

Here, the defendant's relevant juvenile adjucications resulted from criminal acts that occurred on three separate dates: January 16, 1994, January 20, 1994, and January 27, 1994. (PSR, ¶¶ 36-38). In addition, these were distinct crimes that involved three individual victims. *Id.* Pursuant to *Martin*, it is irrelevant that the defendant was sentenced for these offenses on the same date. The Presentence Report states that "predicate convictions are treated as separate if they were 'committed on occasions different from one another' regardless of whether they were consolidated for trial or

sentencing." (PSR ¶ 22). The Presentence Report accurately describes law law pertaining to ACCA predicates.

## IV. Conclusion

The arguments raised by the defendant have no legal merit. The information in the Presentence Report accurately describes the law pertaining to ACCA predicate convictions and the motion should be denied.

>
> Respectfully submitted,
> SAIMA MOHSIN
> Acting United States Attorney
>
> *s/Robert W. VanWert*
> ROBERT W. VANWERT
> Assistant United States Attorneys
> 211 West Fort Street, Suite 2001
> Detroit, MI 48226
> (313) 226-9100
> E-mail: robert.vanwert@usdoj.gov

Dated: June 1, 2021

## Certificate of Service

I hereby certify that on June 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I further certify that I have arranged to mail by United States Postal Service the document to the following non-CM/ECF participant:

Gemar Kinte Morgan
Reg No. 40722-039
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
MILAN, MI 48160

*/s/ Robert W. VanWert*
*Assistant United States Attorney*