# Margarett Raben

| | |
|---|---|
| **From:** | MORGAN GEMAR KINTE (40722039) |
| **Sent Date:** | Monday, June 7, 2021 7:37 AM |
| **To:** | Msraben@Aol.com |
| **Subject:** | Defence Reply 7 & 8 ; Defendant's Juvenile Offenses |

The probation officer has triggered the sentencing court to impose an incorrect application of the sentencing guidelines under 18 USC 3742 (f)(1) according to the PSR, pg 7, p32 - reflect the base offense level of 14 and on page 12, p41-42 reflect the criminal history points to be 3 and the category to be II - based on the probation officer following the policy statements: [USSG, ss4A1.2(c) Sentences counted and excluded (2) sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted: juvenile status offenses which include ss4A1.2(d), and the annotated 2018 chapter 4 USSC, pg 15 of 42, number 7. Offenses committed prior to age eighteen - section 4a1.2(d) covers offenses committed prior to age eighteen. Attempting to count every juvenile adjudication would have the potential for creating large disparities due to the differential availability of records.

Therefore, for offenses committed prior to age eighteen, only those that resulted in an adult sentence of imprisonment exceeding one year and one month, or resulted in the imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instants offense are counted. To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a juvenile, this provision applies to all offenses committed prior to age eighteen], these policies clearly explain for the record, exactly what the probation officer must follow in order not to "impose an incorrect application of the sentencing guidelines" under 18 USC 3742(f)(1) - which the probation officer have already recorded in the PSR - an incorrect application of the sentencing guidelines - under 18 USC 3742 (f)(1) - by choosing not to follow the commands listed in the policies illustrated in the above text.

The policies - specifically - stated: "That this provision applies to all offenses committed prior to age eighteen" which includes Morgan being 16 years of age on 7/8/1994 - and "juvenile adjudication" to Maxey Boys Training School which constitute to be a juvenile status offense - as the policy statements enforce and command. The probation officer never recorded any reason why the probation officer is not required to follow the policies - that has been constituted by "the United States sentencing commission (USSC), congress, and the United States sentencing guideline manual (USSG)", see 488 US 423, Mistretta v. US; Williams v. US 203 US 193, 201-203 - the supreme court held that where a policy statement prohibits a district court from taking specified action, the policy statement is an authoritative guide to the meaning of applicable guideline.

The defense asserts - the policies that is the authoritative guide to the meaning of applicable guidelines which are: [USSG ss4A1.2(c)(2), ss4A1.2(d), and the annotated 2018 chapter 4 USSC, pg 15 of 42, number 7. Offenses committed prior to age eighteen], which exclude the probation officer from using "all offenses committed prior to age eighteen - which constitute in the case the base offense level 14 and criminal history category II - which chapter five, part A sentencing table reflect "18 months - 24 months".

The government argument in EFC No. 140 - page 4 of 6 states: the commentary to ss 4B1.4 is clear that the time periods for couning of prior sentences under ss4A1.2 are not applicable. The defense motion does not have any claims on section 4A1.2(e) - applicable time period. The defense motions cites ss4A1.2(c)(2) sentences counted and excluded, which claim juvenile status offenses. Also chapter 4 USSC, pg 15 of 42 number 7, offenses committed prior to age eighteen, cited in ECF 131, pg 11 of 13; states: To avoid disparities from jurisdiction to jurisdiction in the age at which a defendant is considered a "juvenile" this provision applies to all offenses committed prior to age eighteen. Due to the government response - lacking the challenge to the claims in ECF No 131, pg 11 of 13, #7 - offenses committed prior to age eighteen - the defense request that the court consider the contents in the motions - and - refuse to allow the government to sidetrack the matter with claims that is not in [ECF No. 131 and ECF 134]. For the record - the ACCA - would not be an issue - if the probation followed the commands of sentencing guidelines that has been illustrated throughout this reply motion.

Also, due to pg 12, p41 of the PSR illustrate 3 points for criminal history - which 18 USSG ss3553(f)(1)(A) - limitation of the application of statutory minimum - if defendant does not have more than 4 criminal history points. Due to all the "USSC policies and the title 18 USC ss3553(f)(1)(A)" - that is illustrated throughout this motion that serves as the authoritative guide to the meaning of the applicable guideline - the defense request that the sentencing court honor the authoritative guides that the probation officer violated and disregarded that is cited throughout this motion - and - grant this motion as a correction for the PSR!

Based upon the contents of this motion, the defense is willing to accept time served as of the high end of the applicable guideline resulting to being "24 months".

**Margarett Raben**

---

Respectfully submitted,

Gemar Morgan
6/5/2021

---